[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff has moved for summary judgement. In this case the defendant was in a left turn lane behind a bus which was also in that lane. The bus did not turn left CT Page 622 but moved straight ahead and the defendant turned into the intersection striking the plaintiff's car which was going straight in the opposite direction.
At his deposition the defendant said the traffic was heavy. He said his vision was blocked by the bus. He said at the deposition by not allowing the bus to clear from his field of vision before making a turn he made a "mistake". At the time the defendant was in somewhat of a hurry to return to work. The defendant went on to say that in his opinion the plaintiff could not have avoided the accident and nothing done by her contributed to the accident.
In a statement to an insurance agent or investigator the defendant again says his vision was blocked by the bus and he couldn't see the plaintiff's car coming and "stupidly enough I made the turn." He did this without making sure someone was coming in the opposite direction; because of the bus he couldn't see if a car was coming in the opposite direction. He admitted to driving recklessly.
The standards and burdens on both parties in a motion for summary judgment are well-known and well-summarized inLees Middlesex Insurance Co., 7 Conn. L. Rptr 297 (1992). Negligence cases, however, occupy what the appellate courts have made a unique position in this area. In Spencer v.Good Earth Restaurant Corp. , 164 Conn. 194, 198 the court said:
 Litigants have a constitutional right to have issues of fact decided by a jury . . . Summary judgment procedure is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . . Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.
In Amendola v. Geremia, 21 Conn. App. 35, 37 (1990) CT Page 623 the court re-emphasized that trial courts should be very cautious in granting motions for summary judgment in negligence cases. It must be "quite clear what the truth is", any real doubt must be excluded, "a conclusion of negligence . . . is ordinarily one of fact, "id page 37. Also see Fogarty v. Rashaw, 193 Conn. 442, 445 (1984).
Since negligence is ordinarily a question of mixed law and fact the court does not attach much if any weight to the defendant's own characterization of his conduct as reckless or at fault. It certainly would serve as impeachment material if at trial he tried to place blame on the other driver or changed or embellished the facts to cast a more favorable light on his actions but such broad admissions are subject to explanation and are of little positive assistance in themselves in deciding a case at the summary judgment level.
What the defendant said in the deposition and the statement would certainly appear to be exceptions to the hearsay rule as admissions, Dougherty v. Graham,161 Conn. 248, 252 (1971). However, they are only evidentiary admissions and while relevant as proof they aren't conclusive Remkiewicz v. Remkiewicz, 180 Conn. 114, 118
(1980). This is so because although an evidential admission is made the party against whom it is offered "can explain the circumstances so that the trier can properly evaluate its", Berger v. Guilford, 136 Conn. 71, 83 (1949), also see Kucza v. Stone, 155 Conn. 194, 198 (1967).
Some litigants relying on language on Esposito v.Wethered, 4 Conn. App. 641, 645 (1985) make the broad claim that deposition testimony can never be relied on as a basis for summary judgment. Perhaps this goes too far; however,Esposito was a negligence case and given the special nature of negligence cases as previously discussed and the fact that evidentiary admissions are explainable, reliance by a judge on deposition testimony to establish the appropriate standard of care before trial is apparently not acceptable to our appellate courts. What else could be the rule given the language of Farrell v. Waterbury House RR Co.,60 Conn. 239, (1991) which was cited in Amendola id at page 38.
The law itself furnishes no certain, CT Page 624 specific sufficient standard of conduct, and, of necessity, leaves the trier to determine, both what the conduct is and whether it comes up to the standard, as such standard exists in the mind of the trier,"
60 Conn. at page 250.
I am familiar with Amendola because I was reversed. The facts really weren't in dispute as such; the court seemed to be saying the jury sets the standard of care in negligence cases besides just finding the facts. That leaves little room to grant motions for summary judgment in negligence actions except in cases where the appellate courts under a discrete set of facts have defined what the appropriate standard of care should be or when a duty does or does not arise, cf Kraus v. Newton, 211 Conn. 191, 198
(1989) (property owner can await until storm is over and reasonable time thereafter before removing ice and snow absent unusual circumstances). But all this doesn't remove from the trial courts the obligation to decide motions for summary judgment in negligence cases. And where the standard of care and reasonableness of activity or lack thereof is not in dispute granting a motion for summary judgment can be appropriate.
The court must then turn to the facts of this case to determine if there is a genuine issue of fact. In an affidavit submitted by the defendant he explains that the bus ahead of him was in the left turn lane also. If the bus turned left he would not have had an accident with the plaintiff. It did not turn left but proceeded straight ahead and while it still blocked his vision the defendant turned left colliding with the plaintiff's vehicle. The defendant in his memorandum argues the defendant "was therefore unexpectedly presented with a situation whereby his vision of the intersection was obstructed by the conduct of the operator of the bus and he had to choose how to negotiate under those circumstances. The question of course is whether (the defendant) acted as a reasonable person under the circumstances . . . This is a jury question put into issue by the affidavit of (the defendant)."
In Amendola one youth during teenage horseplay sprayed CT Page 625 another youth in the eyes with an unknown substance from a bottle without inspecting its contents. The court held that it was for the jury to decide if a reasonably prudent would do so. That's understandable, there's no indication the defendant knew or had any way of knowing what substance was in the bottle.
Here, however, the "explanation" of the defendant passes the understanding. It can't be controverted that crossing a road with traffic authorized to operate in the opposite direction without looking to see if such traffic was in fact coming would be negligent. The defendant admits that the bus prevented him from ascertaining whether such traffic was coming in the opposite direction. The fact that the bus didn't turn left in itself is of no relevance to the court because that in itself has no bearing on the defendant's decision to turn left when he in fact did even though the bus unexpectedly went straight ahead. The defendant does not deny that when the bus moved straight ahead his vision was still blocked yet he still turned left crossing lanes of travel for vehicles travelling in the opposite direction. Frankly the court can't understand how characterizing the bus's going straight ahead as unexpected and that this presented the defendant with a choice whether to turn or not requires even under Amendola that it be left to the trier of fact. The choice both before and after the bus made its unexpected move was whether he should cross traffic lanes for cars going in the opposite direction without being able to see if cars in fact were coming in the opposite direction. There is no claim made that the defendant made his turn to avoid danger to himself or others.
Here the standard of care is clear — you don't cross lanes of traffic with traffic having the right to travel in the opposite direction without seeing if such traffic is coming. No reason is given why the defendant didn't try to ascertain why such traffic was not coming; the defendant merely gives an explanation as to why he couldn't make the necessary observation but offers no reason why, absent the ability to do so, he was not negligent in making the turn. When all is said and done the defendant is saying the court can't find me negligent for crossing traffic lanes without trying to see if traffic was coming in the opposite direction because I've given you the reason why I couldn't CT Page 626 make this observation before I turned. Such reasoning is circular and doesn't present any basis on which the defendant can refute a finding of negligence; it merely sets forth the factual circumstances surrounding and defining the negligent nature of his act.
In Amendola the defendant didn't know what the substance in the bottle was before he sprayed it, under those circumstances a jury should decide if spraying the substance therefore was negligent. No jury could conclude that crossing a lane of travel without trying to see if traffic was coming in the opposite direction was not negligent. It would be tantamount to the court in Amendola
holding that summary judgment would be inappropriate even if the defendant knew the substance in the bottle could damage someone's vision — the exact injury that was caused. If the latter is the real holding of Amendola there as here the court would be in error. But under those circumstances perhaps the trial courts should be instructed not to consider let alone grant motions for summary judgment in negligence cases. Not having been so informed the court grants the plaintiff's motion for summary judgment against the defendant, Jason Kennedy only. The motion has been withdrawn against the co-defendant.