[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARYJUDGMENT
This is a collection action on a commercial demand note. On September 22, 1988 the defendant Mrs. Walker executed the note in the amount of $300,000, payable to the plaintiff bank. The plaintiff claims that the note is in default.
The defendant filed an answer and special defenses to the complaint. A motion to strike was filed. The court denied the motion as to the First, Third, Fourth, Sixth, and Ninth special defenses but granted it as to the Second, Fifth, Seventh, Eighth and Tenth Special Defense. The defendant repleaded the Second Special Defense and filed an Answer and Special Defenses which were denied. The plaintiff then filed this motion for summary judgment.
These separate defenses are raised by the special defenses: 1) equitable estoppel, 2) fraudulent inducement, 3) unclean hands, 4) express and implied waiver, 5) that the claim is barred by laches, 6) there was a violation of fiduciary duty.
The defendant first argues that the motion for summary judgment is procedurally defective since it is specifically aimed at the special defenses. The motion does move "for summary judgment against the defendant . . . on each of her . . . amended special defenses to the plaintiff's complaint." It also says in the motion that judgment should be entered for the plaintiff because there is no genuine issue of material fact. Reading the plaintiff's initial memorandum it is framed in terms of requesting the court to find there is no merit to the special defenses. The defendant cites numerous cases that appear to stand for the proposition that a motion for summary judgment may not be used to secure rulings on special defenses, see, for example, Benjamin et al. v. Nones M.D. et al.,9 Conn. L. Rptr. 143. If a motion for summary judgment is being used as a substitute for a motion to strike, this clearly CT Page 1979 has to be correct. But if a motion for summary judgment sets forth facts entitling the plaintiff to judgment on the underlying claim and for all intents and purposes is merely saying to the court, Judge, the special defenses raised by the defendant have no merit, why shouldn't a trial court entertain the motion for summary judgment? The court could rule that the plaintiff hasn't established the underlying claim, it could rule there is merit to one or all of the special defenses. But the court could also find that the underlying claim is valid and the special defenses are not supportable — in that case the court could grant judgment in the plaintiff's behalf. The purpose of summary judgment procedure is to remove from the docket, where appropriate, cases that shouldn't go to trial.
As long as the plaintiff establishes the validity of the underlying claim for relief, why shouldn't a court address attacks on the special defenses if they are the only matters standing in the way of the decision as to the appropriateness of summary disposition short of trial? There really can't be any practical claim or considerations of fairness which support a defendant's argument that in this situation he or she shouldn't be expected to support the special defense. The defendant would submit argument, affidavits, documents and anything else permitted by the practice book to support the special defense. A contrary ruling would in effect mean that whenever a special defense is filed in a case it cannot be disposed of by way of summary judgment, at least as long as it raises disputed factual issues. I really can't see any rational reason for imposing such a limitation on summary judgment practice, cfPeople's Bank v. BMI Industries, 3 CSCR 450 (1988), CNB v.Lewis et al., CV92-0703185 (Htfd. Sup. Ct. 1994).
In a case where as here a prima facie case is made out for the claim as to the underlying note it would be exalting form over substance to deny a hearing on the motion for summary judgment because the motion perhaps was framed inartfully in terms of being an attack on the special defenses. That may be the major thrust of the motion but where it also asks for and establishes a right to judgment on the underlying claim, judgment can in fact be given if the special defenses are meritless — if that's so, why shouldn't the court act? CT Page 1980
The defendant also points to the fact that the plaintiff has relied on uncertified depositions to pick and choose what portions of the depositions it referred to in its argument. As to the picking and choosing the defendant would have the same right in response so that is not a major concern. However, the defendant does rely on the case of Esposito v. Wethered, 4 Conn. App. 641 (1985) "for the proposition that it is a clear principle of Connecticut procedure that deposition testimony may not be relied upon in support of a motion for summary judgment," Reply brief (page 10), also see Balderston v. ShoalsConstruction Inc., 9 Conn. L. Rptr. 343 (1993). I don't read Esposito to support such a flat statement of the procedural law. True, as the court said, the primary purpose of such depositions is discovery, Id. p. 645. But that doesn't make a statement made by a party in such a deposition any less an evidentiary admission. It can be used for such purposes at trial, why can't it be used for what it's worth in summary judgment procedure? There's a difference between evidentiary and judicial admissions. Certainly as the Esposito court said such an "admission" in a deposition is not a so-called judicial admission. Thus if the party against whom the deposition is sought to be used in summary judgment procedure submits an affidavit contradicting or explaining away the harmful deposition admission or other evidence before the court contradicts the deposition admission summary judgment shouldn't be granted, see 4 Conn. App. at page 644. But that's so because there's a material fact in issue not because a party's admission in a deposition has an inferior evidentiary status than any such admissions made in any other context.
Besides it is also true in this case that the plaintiff relies on documents and affidavits not just deposition testimony to support its position.
Turning to the merits of this matter the standards for ruling on a motion for summary judgment are well-known and don't require a lengthy citation of authority. Such a motion should not be granted if there is a genuine issue of material fact. If there is such an issue the non-moving party has a right to a trial and the court can't try the issue of fact. See generally Amodio v. Cunningham,182 Conn. 80 (1982). CT Page 1981
This is a case where over 124 pages of briefs and 75 exhibits have been filed. The plaintiff in quite thorough fashion raises questions on the legal sufficiency of each of the special defenses and also argues that even granting their legal sufficiency there are no submitted facts to support these defenses. The arguments as to legal sufficiency were perhaps necessary to set up the factual context of the argument. However, insofar as another judge has sustained the legal sufficiency of the special defenses in addressing a prior motion to strike I will not review his action. Nor do I believe it is necessary to in effect give an advisory opinion in light of all the issues raised here in light of my decision. Given the statements in the affidavit of Katherine Walker and her son I believe a material issue of fact would be raised if the attorneys present at the closing who purportedly represented her also represented the bank. She claims that no one ever explained to her the document or its terms, she "always" had the understanding that the plaintiff would only look to the property to satisfy the debt. Much of what she did relative to signing the documents was at the direction of the bank's and "their/my attorneys."
The defendant has sued the lawyers who were present at the closing on a separate matter. She has sued a successor firm and individual attorneys. The defendant firm and one attorney in their answer admitted representing or advising all parties to the loan transaction that is the subject of this suit while one attorney leaves Walker to her proof. The attorney filing the pleadings in that separate case I assume had power to in effect bind his client by his answer so there is no reason why the pleadings on that case cannot be used as an admission in this case, Collens v. NewCanaan Water Co., 155 Conn. 477, 496 (1967).
There is a factual issue presented on this matter. Admittedly there is conflicting evidence submitted by the plaintiff on this point but I can't decide the issue on a motion for summary judgment.
The motion for summary judgment is denied.
Corradino, J. CT Page 1982