[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 19, 1995, Douglas S. Moss (Moss) filed a revised single count complaint against Southfield Condominium Association, Inc. (Association). He alleges that on or about March 14, 1993, at approximately 8 p.m., he slipped and fell on a snow-covered icy spot in a parking lot located on the premises of the Association.[1] As a result of the Association's alleged negligence, Moss claims that he sustained and continues to suffer from severe and permanent injuries.
On April 26, 1996, the Association filed a motion for summary judgment with respect to the entire complaint on the grounds that there exists no issue of material fact and the defendant is entitled to judgment as a matter of law. It filed a memorandum of law in support of its motion along with climatological data reports, newspaper articles, certified copies of deposition testimony from both Moss and Moss' spouse, and a copy of a case entitled Bogert v. O G Industries, Inc., Superior Court, judicial district of Litchfield, Docket No. 049747 (November 13, 1990, Pickett, J.). Moss filed an objection to the Association's motion for summary judgment on July 19, 1996, accompanied by his affidavit. Attached to that affidavit are copies of the Public Offering Statement of the Southfield Condominium, the Bylaws of CT Page 9289 the Southfield Condominium Association, and the minutes from a March 22, 1993 meeting of the Southfield Condominium Association.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citation omitted; internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805; Practice Book § 384. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Doty v.Mucci, supra, 805-06; see Practice Book § 381. "The test is whether a party would be entitled to a directed verdict on the same facts." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105-06.
Ordinarily, summary judgment is ill — adapted to negligence cases because negligence involves a mixed question of law and fact. Spencer v. Good Earth Restaurant Corporation,164 Conn. 194, 198; Amendola v. Geremia, 21 Conn. App. 35, 37, cert. denied, 215 Conn. 803. Nonetheless, the granting of a motion for summary judgment may be appropriate in negligence cases "where the appellate courts under a discrete set of facts have defined what the appropriate standard of care should be or when a duty does or does not arise, see Kraus v. Newton, 211 Conn. 191,198 . . ." Moldavsky v. Kennedy, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533433 (January 30, 1995, Corradino, J., 13 Conn. L. Rptr. 313).
The Association argues that because a snowstorm was in progress at the time of Moss' alleged fall, it is entitled to judgment as a matter of law pursuant to Kraus v. Newton,211 Conn. 191. Moss counters that the Association had a duty to remove snow and ice from its premises based upon statements contained in the public offering statement of the Southfield Condominium, statements contained in the Bylaws of the Southfield Condominium Association, Inc., and a contract in which third-party defendant Meadowbrook Farms agreed, inter alia, to plow the CT Page 9290 driveways and parking areas of the Southfield Condominium in exchange for $1300.[2]
"The existence of a duty of care, an essential element of negligence, is a matter of law for the court to decide." Burns v.Board of Education, 228 Conn. 640, 646. Our Supreme Court has stated "that in the absence of unusual circumstances, a property owner, in fulfilling the duty owed to invitees upon his property to exercise reasonable diligence in removing dangerous accumulations of snow and ice, may await the end of a storm and a reasonable time thereafter before removing ice and snow from outside walks and steps. To require a landlord or other inviter to keep walks and steps clear of dangerous accumulations of ice, sleet or snow or to spread sand or ashes while a storm continues is inexpedient and impractical." Kraus v. Newton, supra, 197-98;Sinert v. Olympia York Development Co., 38 Conn. App. 844,849-50, cert. denied, 235 Conn. 927. Thus, as a matter of law, a landowner or other inviter has no duty to remove snow or ice during an ongoing storm. Kraus v. Newton, supra, 197-98; Sinertv. Olympia York Development Co., supra. Consequently, this court must determine whether the Association has met its burden of demonstrating that a storm was in progress at the time of the alleged fall.
The Association maintains that a storm was in progress at the time of the alleged fall. It supports this contention by way of certified deposition testimony of Moss and his spouse, climatological data reports, and newspaper articles. In his deposition testimony, Moss states that it was snowing at the time he allegedly fell and that it had snowed continually from early in the morning on the day of his alleged fall until the afternoon of the day following his alleged fall. Moss' wife, Sandra Moss, an eyewitness to the alleged fall, stated in her deposition that it was snowing when her husband allegedly fell. Sandra also claimed that it started snowing in the early morning on the day her husband allegedly fell and did not stop snowing until the afternoon of the following day.
The Association has also submitted climatological data reports and newspaper articles indicating that a snowstorm began in the Danbury area on Saturday, March 13, 1993, and ended on Sunday, March 14, 1993. of particular note is the "Local Climatological Data Monthly Summary," an official publication of the National Oceanic and Atmospheric Administration (a division of the U.S. Department of Commerce). This report indicates that CT Page 9291 on March 13 and 14, 1993, 10.8 inches of snow and ice pellets fell at the Sikorsky Memorial Airport in Bridgeport. This report also indicates that precipitation (snow and ice pellets) began falling at Sikorsky Memorial Airport at approximately 6 a.m. on Saturday, March 13, 1993, and did not stop falling until approximately 9 a.m. on Sunday, March 14, 1993.
Though Moss raises no objection to the sufficiency of the evidence presented by the Association demonstrating that a storm was ongoing at the time of the alleged fall, reliance upon this evidence by the court would be clearly misplaced. Certified copies of deposition testimony are not sufficient to support or oppose motions for summary judgment. Thomas v. Mazzucco, Superior Court, judicial district of Litchfield, Docket No. 064678 (April 23, 1996, Pickett, J.); Oberdick v. Allendale Mutual Insurance, Superior Court, judicial district of New Haven at New Haven, Docket Nos. 283004 282791 (August 25, 1993, Celotto, J.). Deposition testimony cannot be relied on by the court when passing on a motion for summary judgment because "[t]he primary purpose of a deposition . . . is discovery. . . . A response to a question propounded in a deposition is not a judicial admission. General Statutes § 52-200." (Citations omitted; internal quotation marks omitted.) Esposito v. Wethered, 4 Conn. App. 641,645. Douglas and Sandra Moss' testimony at trial may contradict or differ from their earlier statements made at the time of their deposition, thus a question for the jury emerges. See Esposito v. Wethered, supra, 4 Conn. App. 645; Carrol v.Topolski, Superior Court, judicial district of Waterbury, Docket No. 085956 (September 12, 1991, Santos, J.,4 Conn. L. Rptr. 503). "Depositions are ordinarily used for impeachment [purposes] . . ." Thomas v. Mazzucco, supra. Furthermore, "the allowable scope of inquiry at a discovery deposition clearly exceeds the boundaries of admissible evidence." Sanderson v.Steve Snyder Enterprises, Inc., 196 Conn. 134, 139. Therefore, this court should not and cannot accept the deposition testimony in support of this motion.
The Association has not filed an affidavit attesting to the authenticity of either the newspaper articles or the climatological reports. "[U]ncertified copies of documents to which no affidavit exists attesting to their authenticity . . . do not constitute proof or documentary evidence for the purposes of a motion for summary judgment." (Citation omitted; internal quotation marks omitted.) Estate of Agosto v. Aetna Casualty Surety, Superior Court, judicial district of Litchfield, Docket CT Page 9292 No. 058311 (March 16, 1995, Pickett, J.); Oberdick v. AllendaleMutual Insurance, supra; Karabelas v. Munson, Superior Court, judicial district of Litchfield, Docket No. 064071 (March 6, 1995, Pickett, J.).
The party moving for summary judgment is held to a strict standard of demonstrating its entitlement to summary judgment.Kakadelis v. DeFabritis, 191 Conn. 276, 282. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Plouffe v. NewYork. N.H. H.R. Co., 160 Conn. 482, 488. Only after the movant has satisfied this strict burden does the burden shift so that "the party opposing the motion must substantiate its adverse claim by showing that there is a genuine issue of material fact. . . ." (Citations omitted; internal quotation marks omitted.) Cummings Lockwood v. Gray, 26 Conn. App. 293, 297. In the present case, the movant has failed to meet its burden of presenting sufficient evidence because of the inapposite deposition testimony excerpts, but also, because the newspaper articles and the climatological reports in their present form cannot be considered when passing on this motion for summary judgment which is, accordingly, denied.
Moraghan, J.