[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
I. FACTUAL AND PROCEDURAL BACKGROUND
This is a claim for damages for breach of a promissory note brought by the plaintiff, Robert Chapman, Jr., against fourteen defendants. Twelve of these defendants move for summary judgment on the ground that the plaintiff's action is barred by the applicable statute of limitations.
On September 28, 1995, the plaintiff filed a two count complaint against the defendants. Count one is the subject of the present motion and it alleges the following pertinent facts. In 1988, Michael S. Franford executed a $1,300,000 promissory note in favor of Old Lyme Shopping Center, Inc. (OLSC, Inc.). Thereafter, the defendants entered into an agreement with Franford in which they assumed certain of Franford's liabilities, including the promissory note. OLSC, Inc. then assigned the note to Chapman, the current holder of the note. In count one, Chapman alleges that the defendants are liable to him under the terms of defendants' agreement with Franford.
On November 26, 1996, the defendants filed the present motion for summary judgment and a memorandum of law, affidavits and documents in support thereof. On January 15, 1997, the plaintiff filed a memorandum of law in opposition to the defendants' motion and documents in support thereof. The matter was argued to the court on March 19, 1997, at which time all parties were present and had an opportunity to be heard.
II. DISCUSSION
The defendants argue that count one is barred by a six year limitations period. The defendants cite two statutes in support of this proposition, General Statutes § 52-576, which specifies a limitations period for actions on written contracts,[1] and General Statutes § 42a-3-118, which is the Uniform Commercial Code limitations period for actions on promissory notes.[2] The defendants contend that the plaintiff brought this action more than six years after his cause of action CT Page 4646 accrued on the promissory note under § 52-576 and more than six years after the accelerated due date of the note under § 42a-3-118. Essentially, the defendants argue that the limitations period began to run when Franford defaulted under a related mortgage note to Branford Savings Bank. To support this argument, the defendants set out facts in addition to those alleged in the complaint.
The defendants state that OLSC, Inc. entered into an agreement with Franford whereby OLSC, Inc. would sell and Franford would buy the Old Lyme Shopping Center. To effectuate the sale, Franford executed a $2,600,000 note in favor of the Branford Savings Bank (bank note). The bank note was secured by a first mortgage on the property. Franford also executed the $1,300,000 note in favor of OLSC, Inc., which note was secured by a second mortgage on the property. The OLSC, Inc. note contained a default provision whereby any failure to make a payment required by the bank note would constitute a default under the OLSC, Inc. note. In 1988, OLSC, Inc. assigned the note to Chapman (Chapman note). The same year, Franford entered into a partnership agreement with the defendants for a partnership known as Old Lyme Shopping Center Associates.
Franford subsequently defaulted on the Bank note and in 1989 the Bank brought a foreclosure action. In 1991, Chapman brought an action against Franford on the Chapman note. In that action, Chapman relied on the default of the bank note as a basis for claiming a default and an acceleration of the due date of the Chapman note. The defendants contend that this claim by Chapman in the 1991 action establishes that the statute of limitations began to run when Franford defaulted under the bank note. In this regard, the defendants assert that the statements Franford made in the pleadings in the prior litigation constitute admissions and that the court may take judicial notice of the file in that action.
The defendants point out that § 52-576 requires that a cause of action on a contract must be brought within six years after the right of action accrues. They argue that the cause of action in count one accrued no later than April 12, 1989, the date of the complaint in the foreclosure action. They argue that Chapman could have brought an action against the defendants at that time on the theory that the defendants were liable for payment of the note under the partnership agreement. In the same regard, § 42a-3-118 provides that an action to enforce an CT Page 4647 obligation to pay a note must be brought within six years of the due date or, if a due date is accelerated, within six years after the accelerated due date. The defendants contend that the accelerated due date of the note was also no later than April 12, 1989.
The plaintiff filed a memorandum in opposition to the defendants' motion for summary judgment and documents in support thereof. The plaintiff objects to the motion on several grounds. First, the plaintiff argues that the motion for summary judgment is premature because the pleadings in this case are not closed. Secondly, he argues that the pleadings in the 1991 action do not constitute admissions for purposes of establishing that there are no issues of material fact regarding the statute of limitations. The plaintiff draws a distinction between the legal effect of judicial and evidential admissions and contends that there exists an issue of fact regarding whether the pleadings in the 1991 action are judicial or evidential admissions. The plaintiff argues also that, under the doctrines of res judicata and collateral estoppel, the statements in the 1991 action are not determinative because the prior action was not a final judgment on the merits.
The plaintiff asserts further that count one is timely under § 52-576 because this action was commenced within six years of the due date of the note, February 10, 1991. He acknowledges that the note contains a provision whereby the holder may accelerate the debt if the maker defaults on prior mortgages securing the property. The plaintiff argues, however, that the defendants have not established that he exercised his option to call the note prior to February 10, 1991. In addition, Chapman maintains that the defendants rely improperly on the date of the foreclosure action to establish the date that the statute of limitations began to run. He asserts that the judgment of strict foreclosure entered on May 15, 1990, and that he could not have established a default until that date or until the expiration of the last law day. According to the plaintiff, the earliest a default on the first mortgage could have been proven was the date of the entry of the judgment of strict foreclosure in May 1990, and this action was brought within six years thereof.
A. SUMMARY JUDGMENT, GENERALLY
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806
CT Page 4648 (1996) (cases cited therein). The standard of review of a trial court's decision to grant a motion for summary judgment is well established. Id., 805. "[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id.; Practice Book § 384. "A `material fact' has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation mark omitted.) Catz v. Rubenstein, 201 Conn. 39, 48 (1986). In ruling on a summary judgment motion the court is obliged to accept as true all well pleaded facts and the evidence offered in opposition to the motion, and to determine whether the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. Suarezv. Dickmont Plastics Corp. , 229 Conn. 99, 110 (1994).
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like . . . The adverse party . . . shall file opposing affidavits and other available documentary evidence." Practice Book § 380. "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Ins. Co. v. AetnaLife Casualty Co., 235 Conn. 185, 202-03 (1995).
"[U]ncertified copies of documents to which no affidavit exists attesting to their authenticity . . . do not constitute `proof' or `documentary evidence.'" Langlais v. Guardian LifeIns. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 252826 (July 7, 1992, Lewis, J.) (7 Conn. L. Rptr. 34). Accordingly, such documents are not properly before the court and they may not be considered on a motion for summary judgment. Id.; see also Ferrucci v. Liberty Mutual FireInsurance Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 342207 (August 25, 1993, Zoarski, J. (8 C.S.C.R. 139); Karabelas v. Munson, Superior Court, judicial district of Litchfield, Docket No. 064071 (March 6, 1995, Pickett, J.); Gordon v. Villegas, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 270839S (March 10, 1994, Freedman, J.); J. Iapaluccio, Inc. v. City ofTorrington, Superior Court, judicial district of Danbury, Docket No. 318143 (November 13, 1995, Moraghan, J.) (cases cited therein). CT Page 4649
In support of their motion for summary judgment, the defendants filed copies of documents relating to the financial transactions previously identified and to the action Chapman brought against Franford in 1991. In an effort to authenticate the financial transactions documents, the defendants submit the affidavit of the defendant Douglas Goodwin. Goodwin states that the affidavit is based on his personal knowledge and he attests to facts contained in the documents. Whether Goodwin has personal knowledge of facts regarding transactions to which he was not a party is questionable. Thus, an issue arises regarding whether Goodwin's attestations are sufficient to authenticate the documents. See Practice Book § 381 (stating that affidavits must be based on personal knowledge, rely upon admissible evidence, and state facts showing affirmatively that the affiant is competent to testify.); Durso v. Town of Sherman, Superior Court, judicial district of Danbury, Docket No. 317959 (May 8, 1995, Leheny, J.) (stating that the affiant, a town selectman, "is unable to certify, swear to the veracity of or authenticate the police report since he has no personal knowledge of its creation or contents").
To authenticate the pleadings in Chapman's action against Franford in 1991, the defendants submit the affidavit of James K. Filan, counsel for the defendants. Filan avers that he personally reviewed the documents in the previous action, obtained certified copies thereof from the clerk's office, and appended true and accurate copies of the documents to the memorandum. The defendants did not append to the affidavit copies of these certified documents. Rather, they filed uncertified copies and an affidavit averring that certified copies exist.
The plaintiff has not objected to the form of the documents filed by the defendants. In fact, the plaintiff filed uncertified copies of documents in support of his memorandum.
The form of the documents filed by both parties in this motion for summary judgment does not conform to the mandates of Practice Book § 380. The court will reach the merits of the parties arguments, however, on the basis of a lack of objection and in an effort to prevent a ruling which raises form over substance. See Carlson v. Weingarten, Superior Court, judicial district of New London at New London, Docket No. 511863 (October 22, 1993, Hurley, J.); Country Lumber, Inc. v. New Haven SavingsBank, Superior Court, judicial district of New Haven at New CT Page 4650 Haven, Docket No. 341488S (March 7, 1994, Hartmere, J.) (9 C.S.C.R. 330); Durso v. Town of Sherman, supra, Superior Court, Docket No. 317959.
B. SUMMARY JUDGMENT, CLOSURE OF PLEADINGS
The pleadings no longer must be closed before a motion for summary judgment may be filed. See Practice Book § 379;Sparaco v. Rob's Auto Service, Inc., Superior Court, judicial district of Middlesex, Docket No. 62578 (December 21, 1992, Walsh, J.) (8 Conn. L. Rptr. 102); Showalter v. Freccia, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 250493 (April 7, 1993, Ballen, J.) (8 Conn. L. Rptr. 563).
To move for summary judgment on the ground that the complaint is barred by the statute of limitations, an answer must be filed alleging the statute of limitations as a defense. Silva v. RizzoCorp. , Superior Court, judicial district of New Haven at New Haven, Docket No. 374723 (August 13, 1996, Fracasse, J.); Hansenv. New Haven Legal Assistance Assn, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 347500 (January 27, 1994, Hartmere, J.) (9 C.S.C.R. 234); Engman v.Laschever, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 513197 (June 28, 1993, Hennessey, J.) (9 Conn. L. Rptr. 312). The defendants have alleged special defenses of the statute of limitations. (Amended Answer, Special Defenses and Counterclaims, March 22, 1996.) Accordingly, the defendants motion for summary judgment is properly before the court.
C. SUMMARY JUDGMENT, DOCUMENTS IN SUPPORT
The defendants rely on statements made in the pleadings in the 1991 action to establish facts in this motion for summary judgment. The plaintiff argues that the statements are either judicial or evidential admissions, and the defendants are estopped from relying on these admissions under the doctrines of res judicata and collateral estoppel.
Admissions may be either judicial or evidentiary. C. Tait 
J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 6.5, p. 131. "Judicial admissions are voluntary and knowing concessions of fact by a party or the party's attorney occurring during judicial proceedings." Id., citing Kanopka v. Kanopka, CT Page 4651113 Conn. 30, 38-39 (1931). Judicial admissions dispense with the need to present evidence on the fact admitted and are conclusive on the party making them. Id.; King v. Spencer, 115 Conn. 201,204 (1932); Drew v. K-Mart Corp. , 37 Conn. App. 239, 250-51
(1995). In contrast, evidentiary admissions "are only evidence to be accepted or rejected by the trier." C. Tait J. LaPlante, supra, § 6.5. "The most common examples of judicial admissions are those contained in the pleadings." Id., § 6.7.1; Dreier v. Upjohn Co., 196 Conn. 242, 248 (1985) (stating that factual allegations in pleadings upon which a cause of action is tried are judicial admissions); Mechanics SavingsBank v. Walker, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 500701S (March 13, 1995, Corradino, J.) (14 Conn. L. Rptr. 129) (stating that pleadings in a prior, related action brought by the defendant may be used as admissions in the present action).
The plaintiff attempts to prevent use of his statements in the pleadings in the 1991 action on the ground that the issue of whether his statements are judicial admissions or evidentiary admissions is a factual question for the trial court. See C. Tait J. LaPlante, supra, § 6.5, citing Sweet v. Sweet,190 Conn. 657, 662 (1983). This distinction is not relevant, however, because judicial admissions are conclusive only in the judicial proceedings in which they are made. Id., § 6.9, citing Perryv. Simpson Waterproof Mfg. Co., 40 Conn. 313, 317 (1873). "In subsequent proceedings such prior judicial admissions are merely evidential admissions, to be used as evidence to prove a matter in dispute in the subsequent trial."[3] Id., § 6.9, citingBredow v. Woll, 111 Conn. 261, 263-64 (1930); Fengar v.Brown, 57 Conn. 60, 64 (1889); see also Ferraiolo v. Pietrini, Superior Court, judicial district of Hew Haven at New Haven, Docket No. 346573 (April 27, 1994, Hartmere, J.) (9 C.S.C.R. 554) (stating that "[t]he plaintiff's use of an accident report in a motion for summary judgment that was never heard is . . . not a judicial admission, but at most an evidential admission which would present a question of fact for the jury."); Sweet v.Sweet, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 1632922 (July 31, 1991, Bassick, J.) (stating that plaintiff's allegation in a pleading in a separate action was a judicial admission which may be considered an evidential admission in the plaintiff's motion for modification).
There is a paucity of Connecticut decisions addressing the impact of evidentiary admissions in summary judgment. Most cases CT Page 4652 discuss this issue in the context of deposition testimony. An admission in a deposition is an evidentiary admission which can be contradicted by affidavit or trial testimony and is therefore not binding on the court. Esposito v. Wethered,4 Conn. App. 641, 645 (1985); Mechanics Savings Bank v. Walker, supra,14 Conn. L. Rptr. 129; Colagoivanni v. Premium FinancingSpecialists, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 370642 (July 22, 1996, Corradino, J.). Thus, deposition testimony cannot be the sole basis for granting a motion for summary judgment. Carroll v. Topolski, Superior Court, judicial district of Waterbury, Docket No. 085956 (September 12, 1991, Santos, J.) (4 Conn. L. Rptr. 503); Krondesv. Norwalk Savings Society, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 288829 (April 3, 1995, Cocco, J.) (stating that "[b]ecause deposition testimony is not a judicial admission and may be contradicted at trial, the movant cannot rely solely upon deposition testimony to establish the nonexistence of any genuine issue of material fact.").
A party may, however, rely on deposition testimony in support of a motion for summary judgment. Mechanics Savings Bank v.Walker, supra, 14 Conn. L. Rptr. 129. The opposing party may submit affidavits or documents which contradict or explain the testimony. In that case, the motion may be denied because an issue of fact exists. Id.; Moldavsky v. Kennedy, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533433 (January 20, 1995, Corradino, J.) (13 Conn. L. Rptr. 313); Krondes v. Norwalk Savings Society, supra, Superior Court, Docket No. 288829 (stating that the non-movant in a motion for summary judgment may rely on deposition testimony to raise a genuine issue of material fact).
On the basis of the foregoing, the court will consider the pleadings in the 1991 action as evidentiary admissions.
D. STATUTE OF LIMITATIONS
The parties disagree on the date when the statute of limitations began to run. Essentially, the defendants argue that the statute of limitations began to run upon proof of default and the plaintiff argues that the statute of limitations began to run upon proof of acceleration of the debt.
The defendants maintain that the limitations period began to run upon the default of the bank note, since that triggered a CT Page 4653 default under the Chapman note. The defendants rely on Chapman's statements in the 1991 action to establish that the default on the Chapman note occurred at the time of the default on the bank note for purposes of § 52-576. The defendants contend also that the plaintiff admitted in the 1991 action that the debt was accelerated upon default of the bank note for purposes of § 42a-3-118.
The plaintiff argues that the cause of action accrued upon the acceleration of the debt under the Chapman note. In this regard, he contends that the defendants have not established that he intended to accelerate the note prior to its due date on February 10, 1991. If, however, the court finds that the statements in the 1991 action establish that the Chapman note was accelerated, then the plaintiff argues that the debt was accelerated at the time those statements were made and that the present action is timely because it was brought within six years of 1991. On the other hand, if the court decides to calculate the limitations period from the date of default, then the plaintiff argues that the date of the judgment of strict foreclosure, or the date of the last law day, is the proper date from which to calculate the limitations period. He argues that the date that the foreclosure action was filed is not the proper date from which to calculate the period because the default was not proven at the time that action was brought.
In Sardi v. Metpath, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 277963 (July 26, 1995, Tobin, J.), the plaintiff brought an action for payment on a promissory note. The defendants moved for summary judgment on the ground that the action was barred by § 52-576. The note at issue provided that Carberra Clinical Laboratories, Inc., a predecessor in interest to the defendants, would make payments on the last day of the months of August, November and February. The note contained an acceleration clause. On September, 9, 1983, the attorney for the plaintiff sent a letter to Carberra stating that Carberra failed to make the August payment and that if payment was not received the entire amount of the note would become due. Thereafter, on September 1, 1983, Carberra made partial payment.
The plaintiff argued that his cause of action accrued on November 30, 1983, when Carberra did not make any payment due under the note. The defendants argued that the cause of action accrued on September 19, 1983, ten days from the date of the notice of default. The acceleration clause provided that the CT Page 4654 entire unpaid balance would become due and payable upon failure of the maker to make any payment due and if the failure was not remedied within ten days after written notice.
The court stated that "`[t]he true test is to establish the time when the plaintiff first could have successfully maintained an action. That is, an action cannot be maintained until a right of action is complete and, hence, the statute of limitations cannot run before that time. . . . In an action for breach of contract, the cause of action is complete upon the occurrence of the breach, that is, when the injury has been inflicted. Kennedyv. Johns-Manville Sales Corporation, 135 Conn. 176, 180,62 A.2d 771 (1948)'" Id., quoting Gaylord Hospital v. Massaro,5 Conn. App. 465, 467 (1985). The court did not, however, use the date of the breach to calculate the limitations period. Arguably, the breach occurred on August 31, 1984, the date when payment was due and not paid. Rather, the court found that the cause of action accrued on September 19, 1983, the date of acceleration of the debt.
The court held that, under § 52-576 (a), the plaintiff was required to bring an action to recover payments due on the note within six years of the date of acceleration on September 19, 1984. Id. Thus, the cause of action accrued upon acceleration of the debt in September, not upon the default in August. UnderSardi, the interpretation of when a cause of action accrues on a promissory note payable at a definite time under § 52-576
(a) is the same as that provided in § 42a-3-118, that is, upon acceleration of the debt.
In addressing whether a plaintiff accelerated payment of a note, the court in Piantedosi v. Floridia, 186 Conn. 275, 276
(1982), stated that "[i]f the plaintiff had exercised his option to accelerate, the cause of action would have accrued at the time of the plaintiff's demand [for acceleration], and the present action would have been barred by the statute of limitations."[4]
The provisions of the Chapman note give the holder the option to accelerate the note. The note states:
 If any payment due hereunder or payment under any prior mortgage shall not have been paid within fifteen (15) days after the same is due, or if any other agreement of the maker herein contained CT Page 4655 shall be in default and shall not have been fully performed within fifteen (15) days after the written notice of default has been mailed to any maker hereof (addressed to the last known place of abode of any maker hereof (by certified mail, return receipt requested)[)] . . . then the entire unpaid principal, with accrued interest, shall, at the option of the holder hereof, become due and payable forthwith. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default. (Defendants' Memorandum of Law in Support of Motion for Summary Judgment, 11/26/96, Exhibit 4).
According to the defendants, there is no genuine issue of material fact that the default and acceleration of the Chapman note occurred no later than the date of the foreclosure action in 1989, and that they are entitled to judgment as a matter of law because the cause of action accrued more than six years ago under § 52-576 and § 42a-3-18.
The court finds that the limitations period for a cause of action on a promissory note payable at a definite time, and containing an acceleration clause, runs from the due date of the note or from the date of acceleration. The defendants have not met their burden of showing that there is no genuine issue of fact that the debt was accelerated at the time of the foreclosure action.
The 1991 complaint in Chapman v. Franford, Docket No. 518937, contains the following relevant allegations:
 4. On or about February 10, 1988, the plaintiff executed a note in the principal amount of $1,300,000.00, payable to the order of Old Lyme Shopping Center, Inc., which note calls for interest at 10.0% per annum on the unpaid balance. . . .
 5. Said note was secured by a mortgage of even date, on property known as the Old Lyme Shopping Center. . . .
6. Said note was subordinated by the payee to a CT Page 4656 mortgage payable to Branford Savings Bank.
* * *
 8. The plaintiff is the holder of the note from the defendant.
* * *
 10. Said note further provides that the maker shall keep current all mortgages that are prior to the mortgage securing said note, and that the failure to make payments on prior mortgages shall constitute a default upon which the unpaid principal sum and interest shall become due.
 11. The defendant failed to make payments to the prior mortgagee, Branford Savings Bank, which mortgagee instituted foreclosure proceedings and obtained a judgment of strict foreclosure (No. CV-89-510398, Branford Savings Bank vs. Michael S. Franford).
 12. Despite demand, the defendant has made no payments of interest or principal on the note.
 13. The defendant has failed to pay the plaintiff the sum of $1,781,023.70, representing principal and interest through May 28, 1991.
The defendant's argument that the plaintiff's statements in the 1991 action establish that there was an acceleration of the debt in 1989 is mere speculation. The defendants cite no act of the plaintiff prior to the 1991 action. At best, the statements in the 1991 action show that an acceleration occurred in 1991, since Chapman was seeking damages for nonpayment of the note at that time. Moreover, neither party submitted evidence that notice of default and acceleration was provided to the maker as required by the terms of the note. Acceleration of the debt does not occur contemporaneously with a default of the note, as the defendants mistakenly assert.
III. CONCLUSION
There is a question of fact regarding when the statute of CT Page 4657 limitations began to run. The function of the court is to determine whether an issue exists, not to try it if it does.Fogarty v. Rashaw, 193 Conn. 442, 445 (1984). Accordingly, the defendants' motion for summary judgment on count one of the complaint is denied.
Handy, J.