[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: STATECONNECTICUT'S MOTION FOR SUMMARY JUDGMENT (#106)
I. PROCEDURAL HISTORY
This is a claim by the state of Connecticut acting through its Commissioner of Administrative Services (state) against Ronald Douglas, executor of the estate of Leroy Douglas (decedent). for reimbursement of public assistance payments in CT Page 3660 the amount of $34,257.39 made to and/or for the benefit of the decedent between May 23, 1995 and April 18, 1996. The defendant executor, who had previously disallowed the claim, filed special defenses which claim: "The plaintiff is not entitled to reimbursement for services which the decedent was not responsible for paying to the provider," and that the state "did not properly bill Medicare."
Presently before the court is the state's motion for summary judgment as to both liability and damages, supported by a memorandum, affidavits and other documentation. The defendant filed a memorandum, affidavit and other documents in opposition, the state filed a reply, and oral argument was held.
For the reasons stated below, the state's motion for summary judgment is granted.
II. FACTUAL BACKGROUND
The material facts are not in dispute. The decedent died on April 18, 1996: Ronald Douglas is the executor of the decedent's estate. (Complaint, ¶¶ 3 and 4, admitted by the defendant in his answer.) According to the affidavit of Lee Ann Rosborg, an investigator employed by the Department of Administrative Services recovery unit, "[the decedent] was a recipient of public assistance from the state of Connecticut pursuant to the Medical Assistance Program (Medicaid) administered by the Department of Social Services. . . . Between May 23, 1995 and April 18, 1996 the Department of Social Services made public assistance payments to and/or for the benefit of [the decedent] in the sum of $34,257.39. . . ." (Rosborg Affidavit. ¶¶ (a) and (b).) The state has not been reimbursed for those payments. (Rosborg Affidavit, ¶ (c).)
Following the decedent's death. by letter dated March 10, 1997, the state presented a claim to the defendant seeking reimbursement for the full amount of the public assistance payments that it had made. (Rosborg Affidavit, ¶ (g) and Exhibit C attached thereto.) The defendant disallowed the claim, by letter dated April 10, 1997, for the reason that "services provided to decedent should have been covered by Medicare and are not subject to reimbursement, and the time period for making a claim against the estate has lapsed."
III. STANDARD FOR SUMMARY JUDGMENT
CT Page 3661
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." (Citations omitted.) Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1989). "[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which. under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Suarez v.Dickmont Plastics Corp. , 229 Conn. 99.105-06, 639 A.2d 507
(1994).
"In a case where as here a prima facie case is made out for the claim . . . judgment can in fact be given if the special defenses are meritless. . . ." Mechanics Savings Bank v. Walker, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 500701 (Mar. 13, 1995, Corradino, J.) (14 Conn. L. Rptr. 129-30). "A contrary ruling would in effect mean that whenever a special defense is filed in a case it cannot be disposed of by way of summary judgment, at least as long as it raises disputed factual issues." Id., 14 Conn. L. Rptr. 129. See also Source One v. Dziurzynski, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 500701 (May 22, 1996, Hickey, J.) (17 Conn. L. Rptr. 29, 31-32) (a party may properly move for summary judgment as to the complaint based on allegations of a special defense).
IV. DISCUSSION
In support of its motion for summary judgment, the state presents evidence that it received notice of the pendency of the CT Page 3662 Douglas estate on December 31, 1996. (Rosborg Affidavit, ¶ (f) and Exhibit B attached thereto.) By letter dated March 10, 1997, within the ninety day period allowed by General Statutes § 45a-355,[1] the state duly presented, a claim to the defendant. (Rosborg Affidavit, ¶ (g) and Exhibit C attached thereto.) The state's claim was therefore timely filed, and the defendant does not seriously dispute this.
The state further contends that its right to reimbursement of public assistance payments from the decedent's estate is founded on General Statutes §§ 17b-93 and 17b-95. In State v. Marks,239 Conn. 471, 686 A.2d 969 (1996), our Supreme Court wrote: "We agree with the plaintiff that §§ 17b-93, 17b-94 and 17b-95
must be read together because they set out a general statutory scheme for reimbursement to the state for public assistance payments that the state has made to or for the benefit of public assistance beneficiaries. Section 17b-93 provides the general rule for reimbursement. Under that provision, subject to certain exceptions stated therein, if a public assistance beneficiary `has or acquires property of any kind or interest in any property, estate or claim of any kind, the state of Connecticut shall have a claim . . . against such beneficiary for the full amount paid. . . .' General Statutes § 17b-93 (a). Thus, the general rule is that the state has a claim, for the full amount of its payments, against a public assistance beneficiary who `has or acquires property of any kind.'" Id., 476.
The Marks court continued: "Section 17b-95 provides another, more specific application of this general rule, namely, the case in which someone who at any time has been a public assistance beneficiary dies leaving an estate. Under that section. subject to certain limitations and exceptions, `upon the death of any person who has at any time been a beneficiary of [public assistance] . . . the state shall have a claim against such . . . person's estate for all amounts paid on behalf of . . . such person . . . for which the state has not been reimbursed. . . .' (Emphasis added.) General Statutes § 17b-95. Thus, under this section, upon the death of a person who, at any time, was a public assistance beneficiary, the state may make a claim against that person's estate for the full amount of the public assistance payments made to or for the benefit of that person." Id., 477.
In opposition to the motion for summary judgment, the defendant does not dispute the amount of public assistance payments made, but argues that a question of fact exists CT Page 3663 concerning the amount of payments for which the state is entitled to reimbursement. He has submitted copies of "Notice[s] of Medicare Claim Determination" which denied a total of $10,818 in payments to a provider named Health Resources.[2] The language on both forms states. "Medicare cannot pay for the services that you received. However, you are not responsible for paying the provider for the services because you did not know that they would not be paid by Medicare." (Defendant's Exhibit A.)
The defendant argues that "[t]he Medicaid program . . . should only be paving on behalf of the recipient those bill[s] or obligations that the recipient is responsible for paying himself." The defendant, however, does not cite any statutory or judicial authority for that proposition. Instead, he cites several Medicare regulations, including 42 C.F.R. § 411.400-406, which sets forth the criteria for determining whether to exclude coverage for known unreasonable or unnecessary services, and 42 C.F.R. § 409.42, which sets forth beneficiary qualifications for coverage of medical services. The defendant reasons, "[i]f Medicaid had not paid those bills the health care provider would have had no recourse to pursue the defendant-decedent for payments because of the provider's failure to follow Medicare guidelines. . . . The defendant-decedent did not owe the money to the home-health care provider, therefore the [s]tate did not have an obligation to pay the money, and wrongfully did so."
Nevertheless, as the state argues. Medicare and Medicaid are two separate and distinct programs. Regulations governing Medicare are set forth in Title 42 of the Code of Federal Regulations, §§ 405 et seq., while regulations governing Medicaid are set forth in §§ 430 et seq. Under the federal Medicaid program, a state is required to make Medicaid payments if the patient is eligible for benefits and the services for which payments are requested are covered by the state's plan.42 U.S.C.A. §§ 1396a (a)(10)(A)(ii)(I) and (III) (West 1992). Thus, since the decedent was eligible for Medicaid (Affidavit of Ronald Douglas, ¶ 4), the state was required to pay for services he received that were covered by its Medicaid plan.
The defendant has provided no judicial or statutory authority, and none has been discovered by the court, which supports the proposition that the state's obligation to pay for services under Medicaid is contingent in any way on a Medicare ruling allowing or disallowing coverage of the services. Thus, in the present cases there is no genuine issue of material fact as CT Page 3664 to the liability of the decedent's estate under General Statutes §§ 17b-93 and 17b-95 for reimbursement of the public assistance benefits afforded the decedent during his life. The defendant's special defenses are without merit.
The state claimed that it provided the sum of $34,257.39 in medical assistance to the decedent. It supported this claim by the affidavit of Rosburg, its recovery unit investigator. Attached to the affidavit as an exhibit was a statement of medical assistance which identified the health care providers, and the date and the amount of each benefit paid. Although the defendant pleaded insufficient knowledge with respect to the amount of the assistance afforded, he filed no countervailing affidavits or other proof disputing the amount claimed.
Accordingly, as the state is entitled to summary judgment as a matter of law, its motion for summary judgment is granted, and judgment may enter for the state to recover of the defendant, the sum of $34,257.39.
Teller, J.