Anna R. Kennedy *v.* Johns-Manville Sales Corporation

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued October 8—decided November 18, 1948

*Joseph B. Hurwitz,* with whom, on the brief, was *Elihu H. Berman,* for the appellant (plaintiff).

*Martin E. Gormley,* for the appellee (defendant).

Ells, J. This action was commenced in 1946. The amended complaint alleged in the first count that in 1935 the defendant insulated the walls of the plaintiff's house and did it in such a negligent manner that the walls were injured, but that the injuries did not

become apparent until December, 1945; and in the second count that the defendant breached its contract to do the work in a skillful and workmanlike manner. The defendant demurred to each count on the ground that recovery was barred by the Statute of Limitations, the trial court sustained the demurrer, the plaintiff failed to plead over, and judgment was entered for the defendant. The plaintiff has appealed.

Both counts arise out of the same alleged facts. In 1935, the plaintiff engaged the defendant to insulate her house in Hartford. The defendant completed the work during that year, but did it "in so unskillful, unworkmanlike and negligent a manner, that the stucco on said building bulged and became loose and cracked, the sheathing and studding underneath said stucco became rotted, and the walls of said building leaked, causing damage to the walls of said building." In an attempt to anticipate the obvious defenses of the statutes of limitation, each count contains the following allegation: "Although the plaintiff exercised reasonable diligence in inspecting said building, she did not discover said conditions, and because said conditions were concealed within the walls of said building, she did not have any oppportunity to discover or become aware of the same, until December, 1945, when visible cracks first appeared on the stucco of said building." It is not alleged that there was fraudulent concealment of the cause of action by the defendant or a conscious effort to prevent knowledge by the plaintiff of the alleged default.

The Statute of Limitations which applies to the count which alleges negligence is General Statutes, Cum. Sup. 1935, § 1680c. In its application to the present case it reads as follows: "No action to recover damages for injury to the person or to real or personal property, caused by negligence, . . . shall be brought

but within one year from the date of the act or omission complained of." Section 1680c became effective July 1, 1935. It is alleged in the first count that the work was completed during 1935, and, although the work might have been finished before § 1680c took effect, the action was not begun until 1946, and § 1680c would apply. *Fitzgerald* v. *Scovil Mfg. Co.,* 77 Conn. 528, 529, 60 A. 132. We have not overlooked the fact that § 1680c has been twice amended. In the first section of an amendment at the legislative session of 1941 (Public Acts, 1941, Chap. 99) actions against chiropractors were added to those previously included, and in the second section it was provided that "The provisions of this act shall not apply to any action the cause of which arose prior to July 1, 1941." These two sections were combined into one in the 1941 Supplement, § 861f. An examination of the original act makes it clear, however, that it was the amendment made in 1941 which was not to apply to actions the causes of which arose prior to 1941, and not § 1680c as it stood prior to that time. The same situation is presented by the further amendment to that section made in 1943. Public Acts, 1943, Chap. 152; Sup. 1943, § 731g.

The act or omission complained of occurred in 1935. It follows that the cause of action based upon negligence is barred. The plaintiff relies on *Bank of Hartford County* v. *Waterman,* 26 Conn. 324. We held in that case (p. 331) that no right of action arose until a certain consequence resulted, and that the damage then arising did not enhance a legal injury already suffered, nor was it a mere development of such an injury, but until it ensued no legal wrong existed. See *Maggay* v. *Nikitko,* 117 Conn. 206, 213, 167 A. 816. In the case before us the legal wrong was done when

the alleged faulty work was performed, and the damages later discovered merely enhanced that wrong.

The amended complaint does not state whether the contract was oral or in writing. General Statutes, § 6010, limits to three years actions on contracts not reduced to or evidenced by a writing, that is, contracts resting in parol. It applies only to executory contracts; the present action is based on an executed contract and § 6010 is not applicable; the pertinent statute is § 6005, wherein the period of limitation is six years. *Campbell* v. *Rockefeller*, 134 Conn. 585, 587, 59 A. 2d 524. That statute provides that no action "shall be brought but within six years next after the right of action shall accrue." The question is, then, as to when the present right of action accrued.

The contention of the plaintiff is that the right of action did not accrue until the damage became manifest in 1945. There is a distinction between the occurrence in 1935 of the wrongful act which gave rise to the damage and the becoming aware of the actual damage by reason of its discovery in 1945. It is well established that ignorance of the fact that damage has been done does not prevent the running of the statute, except where there is something tantamount to a fraudulent concealment of a cause of action. *Bank of Hartford County* v. *Waterman*, supra, 330; *Schmidt* v. *Merchants Despatch Transportation Co.*, 270 N. Y. 287, 300, 200 N. E. 824; 34 Am. Jur. 186. It is true that our statement of the general rule in the *Bank of Hartford County* case is dictum, but it is supported by the great weight of authority. It is also true that the application of the rule may result in occasional hardship. "The Statute of Limitations is a statute of repose. At times, it may bar the assertion of a just claim. Then its application causes hardship. The legislature has found that such occasional hardship is

outweighed by the advantage of outlawing stale claims." *Schmidt* v. *Merchants Despatch Transportation Co.,* supra, 302.

In the present case, the faulty work which is alleged to have broken the contract resulted in legal damage as soon as it was done. The injury was inflicted at the time the work was done and not by subsequent neglect on the part of the defendant. There was no fraudulent concealment. We applied the general rule in a malpractice case and held that "the period of limitation for actions of this kind commences from the date of the wrongful act or omission although its result may not then have developed." *Giambozi* v. *Peters,* 127 Conn. 380, 384, 16 A. 2d 833; see *Bridgeport* v. *Aetna Indemnity Co.,* 91 Conn. 197, 204, 99 A. 566; *Home Pattern Co.* v. *Mertz Co.,* 86 Conn. 495, 504, 86 A. 19. "When substantial damage may result from any wrong affecting the person or property of another, a cause of action for such wrong immediately accrues." *Schmidt* v. *Merchants Despatch Transportation Co.,* supra, 301. In an action for breach of contract such as is alleged in the present case, the cause of action is complete at the time the breach of contract occurs, that is, when the injury has been inflicted.

Both causes of action were, upon the allegations of the complaint, barred by the statutes of limitation, and the trial court correctly sustained the demurrer. See *Hitchcock* v. *Union & New Haven Trust Co.,* 134 Conn. 246, 248, 56 A. 2d 655.

There is no error.

In this opinion the other judges concurred.