STANLEY FELLENBAUM ET AL. *v.* JULIUS MARKOWSKI

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 7-641-4431

Argued November 21, 1966—decided January 13, 1967

*Sheldon D. Hosen,* of East Haven, for the appellant (defendant).

*Robert P. Billings* and *John Billings,* of Wallingford, for the appellees (plaintiffs).

LEVINE, J. The plaintiffs brought suit against the defendant, contractor-seller of a house and lot. The plaintiffs saw the house in the process of construction and contracted to purchase it in its completed state. The finding discloses the following: The parties contracted for the sale of the premises on February 4, 1959, when the house was substantially completed and the foundation and footings were already constructed. The contract provided that the house when finished be similar to another house on the same street. On May 8, 1959, the defendant conveyed the premises to the plaintiffs. The house was built on a clay hill or bank, and the defendant had taken steps to eliminate moisture and surface water. The methods employed were not, however, adequate for the situation, and after the transfer of title a surface water problem occurred which the defendant attempted to correct. Thereafter, in the spring of 1963, a water condition became apparent in the basement walls and floor which required corrective measures.

The court concluded that the defendant had not taken the workmanlike precautions which common knowledge and experience required in view of the soil conditions and the topography of the premises and that such steps as he had taken in the course of construction were insufficient to drain surface waters away from the house; that the defect was not visible since it was underground; and that the plaintiffs' cause of action did not accrue until the defect became apparent in the spring of 1963. From the judgment for the plaintiffs, the defendant appealed, assigning error (1) in the court's refusal

to find material facts, (2) in its finding of certain facts, (3) in that the conclusions reached were not supported by the facts found, and (4) in that the conclusions do not support the judgment.

The defendant failed to file a motion to correct the finding, in accordance with § 981 and Form 818 of the Practice Book. Without such a motion and the trial court's action thereon, we are unable to act on assignments of error (1) and (2), directed to the finding of subordinate facts. The trial court should have an opportunity, by an appropriate motion to correct, to consider the errors claimed in its finding, and thereafter its failure to act in accordance with the motion may be assigned as error. Practice Book § 989 & Form 819 (B). The assignment alleging that the facts found fail to sustain the conclusions has not been briefed and therefore will be deemed to have been abandoned. *Bridgeport Hydraulic Co.* v. *Stratford,* 139 Conn. 388, 390; Maltbie, Conn. App. Proc. §§ 167, 327.

The defendant's last assignment of error, that the conclusions do not support the judgment, is based on three grounds. First, the defendant seeks to interpret a phrase in the contract as a provision for the purchasers to take the premises "as is." The phrase, italicized by us, appears as part of the following: ". . . certain properties in North Haven, Connecticut, known as West side of Upper State Street (property of the seller) with land measuring about 110 by 190 with all the buildings and other improvements thereon and all appurtenances thereto, *in their present condition."* The contract, since it was signed at a stage of construction when the house was not finished, also provided that the house would be finished in a manner similar to another house on the same street. To interpret the phrase "in their present condition" as providing

that the defendant was not warranting any portion of the construction which was finished at that point and as absolving him from performing in a workmanlike manner would be to wring from the phrase a meaning which the context does not provide. No stretch of the imagination or the language compels an interpretation, from the phrase which appears as part of the description of the premises to be purchased, that the buyers agreed to accept unworkmanlike construction. "A term not expressly included will not be read into a contract unless it arises by necessary implication from the provisions of the instrument. *Ives* v. *Willimantic,* 121 Conn. 408, 411 . . . . Also, if the terms of an instrument are fairly susceptible of two or more interpretations, the one which is the more equitable, reasonable and rational is to be preferred. . . . Furthermore, words in an agreement must be accorded their common meaning and usage where they can be sensibly applied to the subject matter of the contract." *Texaco, Inc.* v. *Rogow,* 150 Conn. 401, 408, and cases cited. A more reasonable interpretation of the phrase is that no changes or deletions will be made in what had been done and had been installed on the premises at the time the contract was signed.

Second, it is alleged that the claim is barred by the Statute of Limitations. While the defendant's answer does not set forth the statute as a special defense; Practice Book § 120; the court, by its conclusion that the cause of action accrued when the unworkmanlike performance was discovered in the spring of 1963, indicated that it considered the question. The suit was instituted by service on the defendant on January 7, 1964. Section 52-576 of the General Statutes provides that actions on simple or implied contracts shall be brought within six years "next after the right of action accrues." The defendant claims that the damage and injury

started in 1960 and therefore the cause of action accrued at that time. The court, however, concluded that it accrued in 1963, and that conclusion was legally, logically, and reasonably drawn from the subordinate facts, in which we made no change. We find the judgment to be supported by the conclusions. In addition, this action, based on an executed written contract in which the court found a requirement of workmanlike performance, is governed by the six-year Statute of Limitations, § 52-576, rather than § 52-581, which limits oral contracts to three years. *Campbell* v. *Rockefeller,* 134 Conn. 585, 587. Section 52-581 is limited to executory contracts. *Kennedy* v. *Johns-Manville Sales Corporation,* 135 Conn. 176, 179. The date of the contract, February 4, 1959, the transfer of the premises to the plaintiffs May 8, 1959, and the water problem in the spring of 1963 all occurred within six years of the date of the service of the writ upon the defendant, January 7, 1964. See *Sanford* v. *Dick,* 17 Conn. 213, 215. In an action for breach of contract, the cause of action is complete at the time the breach of contract occurs, that is, when the injury has been inflicted. *Kennedy* v. *Johns-Manville Sales Corporation,* supra, 180. In this case, the injury was inflicted when the drainage systems were constructed in 1959. This action was brought within six years next after the right accrued.

Third, it is claimed that there was insufficient evidence that the original drainage systems were inadequate and unworkmanlike. To determine whether the plaintiffs offered a preponderance of the evidence, we look to the finding and the conclusions drawn therefrom. *Meech* v. *Malcolm,* 88 Conn. 720, 726. As we have previously pointed out, there can be no change made in the subordinate facts, and our examination of the conclusions indicates that they were legally, logically, and reasonably supported by

the subordinate facts found. *Porter* v. *Adams,* 98 Conn. 349, 352; *Bell* v. *Strong,* 96 Conn. 12, 13.

There is no error.

In this opinion PRUYN and KINMONTH, Js., concurred.