ALICE GRAVELINE *v.* PAUL POSIN ET AL.

COURT OF COMMON PLEAS    JUDICIAL DISTRICT    FILE NO. 23963
OF WATERBURY

Memorandum filed April 24, 1974

*James J. Lawlor,* of Waterbury, for the plaintiff.

*Weisman & Weisman, Rosnick & Kaplan,* of Waterbury, for the defendants.

DONALD T. DORSEY, J. The plaintiff signed a real estate contract with the defendants on January 27, 1967, in which she agreed to purchase a two-family house in Wolcott, Connecticut. A deed of conveyance was executed in February, 1967, and in May, 1967, the plaintiff moved into the premises. Shortly thereafter she discovered water in her basement. She telephoned Arbor Homes of Waterbury to get the defendants to correct this problem. In response to this telephone call, a Mr. Larose came to the premises and pointed out certain cellar drains but took no corrective action. The precise relationship of Arbor Homes and Mr. Larose to the defendants was not made clear to the court.

The defendants never did anything about the water condition in the basement. The plaintiff continued to telephone Arbor Homes from time to time without any further results. In July, 1967, she installed perimeter drains, and she made further

improvements to her drainage system in March, April and September of 1968. In July, 1972, she installed in her basement a sump pump which apparently satisfactorily corrected the situation there. She had trouble with her septic tank sometime in 1969, had it pumped out, and supplemented the system with a dry well. She was also required to call in a sanitation service for the septic system in November of 1970 and May and June of 1971.

Although the plaintiff submitted in evidence many bills which she related to the problems she described, she did not present to the court any corroborative testimony on the bulk of these bills. Unfortunately, the contractor employed by the plaintiff had died and was thus unavailable for testifying about the bills or the services.

The plaintiff testified that there was water in her basement, that the deceased contractor installed perimeter drains and a dry well, and that certain drains leading from the house to the lake were unconnected, but her testimony was neither explicit nor expert. The only expert testimony the plaintiff offered pertained to the outlet baffle on the septic tank, and this testimony was not totally satisfactory. The plaintiff offered no testimony concerning requirements of the local building code or concerning local standards of workmanship in the area pertaining to the construction of two-family houses.

The plaintiff commenced this action in August, 1969. The defendants joined issue by a general denial to each of the three counts remaining after a demurrer was sustained. In the first count, the plaintiff claims that the defendants made express oral representations and warranties to her concerning the premises. In the second count, the plaintiff alleges that the defendants made these representations and warranties to her orally by implication.

In a third count, the plaintiff complains that these representations were knowingly false and untrue and that the defendants purposely concealed defects with an intent to induce the plaintiff to purchase the premises and with an intent that the plaintiff should act in reliance on the representations.

The real estate contract between the parties was produced by oyer. See Practice Book § 103. It thereby became part of the pleading to which it related. *Wexler Construction Co.* v. *Housing Authority,* 144 Conn. 187, 191. In this contract, the plaintiff agreed that she had examined the premises; that she was fully satisfied with the physical condition thereof; and that neither the seller nor any representative of the seller made any representation or promise on which the purchaser relied concerning the condition of the property. The contract states that "it is understood and agreed that this written agreement constitutes the entire contract between the parties and no oral statement or promises or any understanding not embodied in this writing shall be valid."

The evidence which the plaintiff offered to rebut these express provisions of the contract consisted solely of an out-of-court declaration by a putative agent of the defendants made to the plaintiff to the effect that "to his knowledge the house drains were adequate [to keep the cellar dry]." The plaintiff had no direct contact with the defendants, the sale was consummated by a real estate broker, and all negotiations were conducted between the plaintiff and this broker, whose status and authority were left undefined by the evidence. It was an employee of the broker who showed the premises to the plaintiff and made the statement pertaining to the adequacy of the drains. This evidence was not of sufficient weight to enable the court to conclude that the defendants expressly or impliedly orally warranted

or misrepresented the premises in fact as alleged by plaintiff, or knowingly made false representations and purposely concealed defects.

The plaintiff contends that her complaint also spells out a cause of action grounded on the doctrine of implied warranty of fitness for a particular purpose referred to in *Vernali* v. *Centrella,* 28 Conn. Sup. 476. In that case, the dwelling house was being built pursuant to a contract in accordance with plans and specifications. In the instant case, a broker brought the already completed premises to the attention of the plaintiff. *Vernali* notes that the doctrine of caveat emptor has retained vitality in the area of real estate sales except in those instances involving a construction contract, where a promise is implied to construct in a workmanlike manner according to specifications. See also *Duffy* v. *Woodcrest Builders, Inc.,* 2 Conn. Cir. Ct. 137.

Section 52-563a of the General Statutes extends to the purchaser of any newly constructed single-family house an implied warranty, from the person, firm or corporation which constructed it, that such person, firm or corporation has complied with the building code. Since this statute pertains to single-family dwellings, it would not apply to the situation here, which involves a two-family house.

*Fellenbaum* v. *Markowski,* 4 Conn. Cir. Ct. 363, does not appear to be authority for the proposition that a real estate contract involving an agreement to sell and convey a completed dwelling includes as a matter of law an implied warranty that the labor involved in the construction of the dwelling be of workmanlike quality. *Fellenbaum,* like *Vernali,* concerns a contract executed prior to the completion of the dwelling. The *Fellenbaum* contract was totally lacking in a disclaimer clause, and the Appellate Division was not required to decide the precise

question whether the contract impliedly included as a matter of law a warranty that the labor was of workmanlike quality.

Implied warranties of real estate are not sanctioned in any way by the Uniform Commercial Code; General Statutes, title 42a; and, as previously noted, § 52-563a of the General Statutes pertains only to single-family dwellings. A review of the recent cases collected in a note at 25 A.L.R.3d 383, "Liability of Builder-Vendor or Other Vendor of New Dwelling for Loss, Injury, or Damage Occasioned by Defective Condition Thereof," indicates that the common-law doctrine of caveat emptor is alive and breathing in many jurisdictions. This doctrine, however, has been abrogated in a minority of jurisdictions with respect to new dwellings, thus permitting recoveries for defective construction on the basis of implied warranty. See *F & S Construction Co.* v. *Berube,* 322 F.2d 782; *Carpenter* v. *Donohoe,* 154 Colo. 78; *Schipper* v. *Levitt & Sons, Inc.,* 44 N.J. 70; *Waggoner* v. *Midwestern Development, Inc.,* 83 S.D. 57; *Humber* v. *Morton,* 426 S.W.2d 554 (Tex.); *Moore* v. *Werner,* 418 S.W.2d 918 (Tex. Civ. App.).

The most usual exception to the doctrine of caveat emptor relates to a dwelling purchased during the course of construction. This exception permits recovery of damages on the theory of an implied warranty by the builder-vendor that the dwelling will be completed in a workmanlike manner. This exception appears to be followed in Connecticut, as indicated by *Vernali* v. *Centrella,* supra, and *Fellenbaum* v. *Markowski,* supra.

While the reasoning found in the cases which reject the strict application of the ancient caveat emptor doctrine appeals to the court; see 7 Williston, Contracts (3d Ed.) § 926A; the evidence sup-

porting the plaintiff's cause is insufficient to meet her burden of proof on the issue of implied warranty in law. The court cannot speculate to what extent the defendants' workmanship was defective or to what extent the defendants failed to comply with the local building code. Adequate proof of damages and defects in a case such as this requires more evidence than the observations of the plaintiff. Implied warranties require notice of defects to be given to the warrantor, and the plaintiff's evidence in this aspect was not persuasive. Her evidence that the defendants were vendor-builders was of doubtful quality, requiring inferences by the court not warranted by proven facts.

For these reasons, the court concludes that the plaintiff has failed to sustain her burden of proof on her theory of warranty implied in law. As previously noted, the court has concluded that the plaintiff did not sustain her burden of proof in her counts based on fraud and deceit and express or implied warranty in fact.

Judgment may enter for the defendants with costs.