By a common counts writ, the plaintiff brought an action against the defendant seeking to recover the sum of $883.24 for materials and services furnished for the defendant's building. After a trial to the court, judgment was rendered on January 28, 1975, for the plaintiff to recover from the defendant the sum of $497.69. On January 31, 1975, pursuant to the provisions of 52-231 of the General Statutes, the plaintiff requested that the court make a special finding of the facts upon which the court found the issues in favor of the *Page 550 
plaintiff so that the facts would appear as part of the record. On March 5, 1975, the court complied with that request and made a special finding of facts. In its appeal the plaintiff filed a draft finding and the court subsequently filed a finding. The plaintiff did not move to correct the finding.
The trial court found that the plaintiff, a heating contractor, had installed a heating system in a building owned by the defendant. In 1969, approximately eighteen years after the original heating system had been installed, the defendant requested the plaintiff to perform work on the heating system because of an addition to the building. That Work required the removal of radiators and the plaintiff was paid for it. In December, 1969, the defendant requested that the plaintiff check and repair a motorized valve, which had been installed eighteen years before, and overhaul the automatic water feeder. On November 5, 1970, the plaintiff again was called to supply ten new air valves, a new thermostat and other incidentals. On March 31, 1971, the plaintiff performed additional services for which a bill of $385.55 was rendered. At that time the plaintiff installed two thermostats and replaced new parts for the motorized valve. That bill included a charge for the parts and the cost of wiring the motorized valve but no charge for the labor of replacing the parts. Lastly, the plaintiff was called on March 10, 1972, at which time it was discovered that in constructing the new addition to the building someone had interrupted the wiring. At the trial the defendant admitted liability for that item of $94. The court concluded that the plaintiff was entitled to payment for all services furnished except the services rendered on March 31, 1971. The court concluded that the plaintiff did not prove by a fair preponderance of the evidence that the sum of $385.55 was due and owing. *Page 551 
The plaintiff has made several assignments of error. The first assignment of error claims that the court failed to make certain findings in accordance with the draft finding. We are unable to consider that assignment of error in view of the fact that the plaintiff failed to move to correct the finding as required by 567G of the Practice Book; Fellenbaum v. Markowski, 4 Conn. Cir. Ct. 363, 365.
The principal claim of error filed by the plaintiff concerns the conclusion by the court that the plaintiff failed to prove that the sum of $385.55 was due and owing it. Since the finding is not clear as to the court's conclusion on that issue, we have consulted the special finding of facts, which is part of the record of this case. In that special finding the court found that the bill in the amount of $385.55 submitted by the plaintiff to the defendant was for work supposedly done previously. When we consider that special finding with the finding on appeal to the effect that the bill in question was for replacement of parts but not a charge for labor, the conclusion of the court that the plaintiff failed to prove by a preponderance of the evidence that the bill was due and owing must stand.
The last assignment of error concerns the failure of the court to award interest. "The real question in each case is whether the detention of the money is or is not wrongful under the circumstances Cecio Bros., Inc. v. Feldmann,161 Conn. 265, 275. "The allowance of interest as an element of damages is, thus, primarily an equitable determination and a matter lying within the discretion of the trial court." Bertozzi v. McCarthy, 164 Conn. 463, 467. In the circumstances of this case, it cannot be said that the trial court abused that discretion. Because of the finding that the plaintiff attempted to charge for work done previously and for which a bill had been rendered, it appears that the conduct of the *Page 552 
plaintiff was as much a cause for the delay in receiving its money as the conduct of the defendant was.
 There is no error.
SPEZIALE, D. SHEA and SPONZO, Js., participated in this decision.