[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Defendants moved to strike all of the ten counts of plaintiff's amended complaint on the grounds that the action is barred by the applicable statutes of limitation and are thus legally insufficient. Count I sounds in express contract, count II in implied contract, count III in quantum meruit, counts IV and V in unjust enrichment, count VI in estoppel, counts VII and VIII in fraud, counts IX and X in negligent misrepresentation. Plaintiff alleges that, in connection with its development of a section of the Manchester Industrial Park, it agreed with the town of Manchester to install a temporary pumping station to provide sewer service to facilities within that section. Plaintiff alleges that its agreement was in reliance on "an understanding and agreement" that the town was planning to build a trunk sewer line in Parker Street "within two to three years which would be able to service the Industrial Park . . . at which point the lift station would be abandoned." The pump station was installed in 1978. Further, the plaintiff alleges that it has continued to maintain the pump station "in reliance on representations and actions of [town] that it would take over maintenance of the pump station." Plaintiff claims that the defendant town breached its agreement by failing to install a sewer trunk line in Parker Street and by its failure to take over the maintenance of the pump station.
The unjust enrichment and quantum meruit claims are based on the defendant town's failure to compensate plaintiff for the expenses of maintaining the pump station and collection of sewer charges from tenants within the industrial park. The fraud count is grounded in allegations that the town made representations to plaintiff, known to be untrue when made, that the town considered the pump station temporary when installed, that a trunk line in Parker Street would be installed to eliminate the need for the station, that it would take over maintenance of the station without substantial change in the facility and that it would "participate in the cost" of the station. CT Page 2675
Conn. Gen. Stat. 52-576 provides "No action . . . on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues. . . ." Section 52-581 provides a three year limitation period for actions based on express contract or agreement not reduced to writing and section 52-577 requires actions founded on a tort to be brought within three years from the date of the act or omission complained of.
The purpose of a motion to strike is to "`contest . . . the legal sufficiency of any complaint . . . to state a claim upon which relief can be granted.' . . . The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988) (internal citations omitted). In a breach of contract action, the cause of action is complete at the time when the injury has been inflicted. Beckenstein v. Potter Carrier, Inc., 191 Conn. 150, 156 (1983) quoting Kennedy v. Johns-Manville Sales Corp., 135 Conn. 176, 180 (1948). See also Tierney v. American Urban Corp., 170 Conn. 243, 248-249
(1976). While plaintiff argues that it has alleged a continuing course of conduct on defendant's part, the more difficult problem is posed by the fact that the complaint contains no dates on which the representations complained about were made. Without such allegations which defendants might have sought through requests to revise the court cannot evaluate defendants' claims.
The motion to strike is denied.
Susco, J.