[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT OF DEFENDANTGENE KIRSCHENBAUM, M.D.
CT Page 4096
The plaintiffs allege in the complaint that this defendant and others negligently caused injuries to the plaintiff Benita Bryan and caused the premature birth and ultimate death of the viable fetus Elfrida Ann Bryan. As concerns this defendant the complaint alleges that this took place "while under no supervision from Dr. Kirschenbaum . . ." The plaintiff files the complaint pro se. The allegation is best interpreted as a failure of this defendant to supervise the care of the plaintiff. The complaint alleges that the fetus was aborted on March 15, 1990.
The plaintiff has brought this action against seven medical providers, and the Connecticut Department of Public Health. This defendant files a motion for summary judgment claiming that the action is barred by the Statute of Limitations, General Statute § 52-584 and/or General Statute § 52-577. The court cannot locate responsive pleading by this defendant. However, a motion for summary judgment may be filed at any time. (Practice Book 379)
The complaint alleges that the various defendants engaged in "fraudulent coverup" of the doings of the various defendants. An affidavit submitted by the plaintiff, dated 12/29/95, states "3) Dr. Kirschenbaum deliberately and fraudulently concealed any true physical/obstetrical diagnosis from me during the time of my care." The plaintiff appears to rely upon a letter furnished to her by a "Dr. Augustus O. Godette, M.D., Deputy Chairman/OB/GYN Department" dated March 21, 1994. It is unclear as to the geographic location or affiliation of said Dr. Godette. The letter was furnished to the plaintiff in response to a request by the plaintiff "to review her records." The letter states that "the second abortion of March 1990 occurred without measures being taken to ameliorate the outcome." The letter further states that the plaintiff had an incompetent cervix and that she should not only be followed closely with frequent pelvic examinations to ascertain the status of her cervix from time to time, and should have been offered a cerclage procedure in order to retain the pregnancy.
"It is well established that ignorance of the fact that CT Page 4097 damage has been done does not prevent the running of the statute, except where there is something tantamount to a fraudulent concealment of a cause of action." Kennedy v. Johns-ManvilleSales Corporation, 135 Conn. 176, 179 (1948).
"To establish that the defendant had fraudulently concealed the existence of her cause of action and also had tolled the statute of limitations the plaintiff had the burden of proving that the defendant was aware of the facts necessary to establish this cause of action and that he intentionally concealed those facts from the plaintiff" Connell v. Colwell,214 Conn. 242, 250 (1990). However, the Supreme Court inConnell v. Colwell, supra, P 251 further states "that summary judgment is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions."
The affidavit submitted by the defendant in the present case does not specifically address the issue of fraudulent concealment. It is unknown as to whether the opinions of said Dr. Godette are valid and of such widespread or universal acceptance as would indicate a knowledge by the defendant of negligence which arguably would be required to be related to the plaintiff. It is noted that in Connell v. Colwell the defendant was deposed by the plaintiff (supra P 251, 252), and hence questions of this nature were properly able to be determined by the trial court by summary judgment.
The court denies this motion for summary judgment, as the court cannot conclude, on the basis of the information presented that "there is no genuine issue as to any material fact (PB 384).
L. Paul Sullivan, Judge Superior Court