[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Employers Insurance of Wausau A Mutual Company, has moved for summary judgment on counts two (2) and four (4) of the plaintiff's second amended complaint. Such motion shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578 (1990). In the present matter, there is a genuine issue of material fact regarding the date of the alleged breach of contract. See Kennedyv. Johns-Manville Sales Corporation, 135 Conn. 176, 180 (1948) (an action for breach of contract accrues when the breach occurs). The plaintiff has filed the following inconsistent responses to the defendant's request for admissions:[1]
 2. As of August 31, 1989, Eppoliti, Inc. had completed construction of the masonry wall around the perimeter of the Bacon Field House of the Freeman Athletic Center at CT Page 11288 Wesleyan University.
 Answer: Denied only insofar as it could be inferred that the construction was correctly completed, otherwise, admitted.
 12. As of January 13, 1990, Eppoliti, Inc. had completed construction of the masonry wall around the perimeter of the Bacon Field House of the Freeman Athletic Center at Wesleyan University.
Answer: Denied.
Moreover, the plaintiff submitted an affidavit and other documents which indicate that Eppoliti did not complete its work on the Bacon Field House until sometime after January 26, 1990. These pleadings and this documentation frame a genuine issue of fact.
The motion for summary judgment is, accordingly, denied.
Moraghan, J.