[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON FLEET'S MOTION TO SET ASIDE VERDICT AND JUDGMENT
The defendant Fleet National Bank has filed a February 27, 1998, Motion to Set Aside Verdict and Judgment in this case. Specifically, Fleet seeks to set aside the jury's verdict as to Count Six of the complaint, the only count as to which the jury CT Page 5948 found against Fleet.[1] The facts are complex but are well known to the parties, and therefore will not be set out in detail. The facts must of course be viewed in the light most favorable to sustaining the verdict.
Fleet makes a number of arguments in support of its motion. First, it repeats the argument made in its pleadings and at trial that the claim against Fleet is barred by Section 52-576, the applicable statute of limitations.[2] Fleet also argues that the plaintiffs' claims are barred by the doctrine of resjudicata, because they could have been adjudicated in a prior foreclosure proceeding; that there was no proof of the existence of a contract; that there was no proof that Fleet bore liability for the actions of its alleged predecessor, Hartford Federal Savings and Loan; and that Fleet was unfairly prejudiced by certain testimony of Mrs. Tolbert and Ivan Tolbert.
Having considered Fleet's statute of limitations argument and plaintiffs' response, I conclude that Fleet's argument is persuasive and that Fleet's Motion to Set Aside Verdict and Judgment must be granted as a matter of law in light of controlling precedents.
The operative allegation in Count Six of the Substituted Complaint of February 10, 1998, was that Hartford Federal had agreed to procure a disability policy for Mrs. Tolbert which was adequate to protect her and make mortgage payments in the event she were to become disabled.
Nowhere does the complaint allege that Hartford Federal — or Fleet — had assumed a continuing duty to procure insurance for her. See Beckenstein v. Potter Carrier, Inc.,191 Conn. 150, 157-160 (1983). Count Six, in other words, is essentially premised on a legal theory that there was a failure to procure adequate insurance, as of September 26. 1975. Nor do plaintiffs allege that Fleet, or Hartford Federal, fraudulently concealed facts or information from plaintiffs that they required to pursue a claim, which would toll the statute of limitations.Goldwasser v. Smith Corona Corp., 817 F. Sup. 263, 270 (D.Conn. 1993).
I agree with Fleet's argument that given the language in the complaint, on the record of this case, if a contract was breached, it had to have breached on or about September 26, 1975, when the loan in question was obtained by Mrs. Colbert and her CT Page 5949 husband. General Statutes section 52-576 requires that a cause of action for breach of a written contract must be brought within six years after the right of action accrues. Thus if the breach occurred in September of 1975, the statute of limitations would have run by September of 1981. Plaintiffs, however, argue that the breach occurred when the payments stopped in September, 1990, or, in the alternative, when plaintiff was forced to sell her property in January, 1993. See Plaintiff's Objection to Defendant Fleet Bank's Motion to Set Aside Verdict and Judgment Dated February 27, 1998 at page 4. Because the initial complaint was filed in July, 1994, they argue that the statute of limitations does not bar the claim against Fleet.
Plaintiffs' argument, however, does not adequately take account of the precise allegations in Count Six or controlling caselaw in this area.
As Fleet notes, the underlying purpose of a statute of limitations is to bar stale claims, asserted after witnesses have disappeared and facts and evidence have become scarce and unreliable. Ecker v. West Hartford, 205 Conn. 219, 240 (1987);Sir Speedy Inc. v. L P Graphics, 957 F.2d 1033, 1038 (2d Cir. 1992). As Fleet also notes, in this case, the claimed wrongful conduct by the lender occurred more than two decades ago, and neither the original lender (Hartford Federal) nor the foreclosing lender (Northeast Savings) are even in existence.
Controlling precedent indicates that the statute of limitations in this case must be deemed to have run by September of 1981, when the allegedly inadequate procurement of insurance occurred. In Kennedy v. Johns-Manville Sales Corporation,135 Conn. 176 (1948), plaintiff brought an action in 1946, alleging that in 1935 defendant had negligently and unskillfully insulated the walls in plaintiff's home. Plaintiff claimed that the injuries did not become apparent until visible cracks started to appear in 1945. The court upheld the trial court's sustaining of a demurrer to the complaint on statute of limitations grounds. Stated the court in Kennedy, at pages 179-180.
 The contention of the plaintiff is that the right of action did not accrue until the damage became manifest in 1945. There is a distinction between the occurrence in 1935 of the wrongful act which gave rise to the damage and the becoming aware of the actual damage by reason of its discovery in 1945. It is well established that CT Page 5950 ignorance of the fact that damage has been done does not prevent the running of the statute, except where there is something tantamount to a fraudulent concealment of a cause of action. Bank of Hartford County v. Waterman supra, 330; Schmidt v. Merchants Despatch Transportation Co. 270 N.Y. 287, 300, 200 N.E. 824; 34 Am. Jur. 186. It is true that our statement of the general rule in the Bank of Hartford County case is dictum, but it is supported by the great weight of authority. It is also true that the application of the rule may result in occasional hardship. "The Statute of Limitations is a statute of repose. At times, it may bar the assertion of a just claim. Then its application causes hardship. The legislature has found that such occasional hardship is outweighed by the advantage of outlawing state claims." Schmidt v. Merchants Despatch Transportation Co..; supra. 302.
 In the present case, the faulty work which is alleged to have broken the contract resulted in legal damage as soon as it was done. The injury was inflicted at the time the work was done and not by subsequent neglect on the part of the defendant. There was no fraudulent concealment. We applied the general rule in a malpractice case and held that "the period of limitations for actions of this kind commences from the date of the wrongful act or omission although its result may not then have developed." Giambozi v. Peters 127 Conn. 380, 384, 16 A.2d 833; see Bridgeport v. Aetna Indemnity Co. 91 Conn. 197, 204, 99 A. 566; Home Pattern Co. v. Mertz Co. 86 Conn. 495, 504, 86 A. 19. "When substantial damage may result from any wrong affecting the person or property of another, a cause of action for such wrong immediately accrues." Schmidt v. Merchants Despatch Transportation Co. supra, 301. In an action for breach of contract such as is alleged in the present case, the cause of action is complete at the time the breach of contract occurs, that is, when the injury has been inflicted.
See also Beckenstein v. Potter Carrier, Inc.,191 Conn. 150, 156-160 (1983).
I do not agree with plaintiff's argument that footnote 7 ofEngelman v. Connecticut General Life Ins. Co., 240 Conn. 882
(1997), controls on this issue or compels a different result. I concur with Fleet's analysis, see the May 1, 1998 letter of Attorney Taschner, that Engelman is distinguishable on its facts, and that the dicta in Footnote 7 cannot be read as overruling Kennedy andBeckenstein. Moreover, CT Page 5951 as noted above, Count Six alleges a failure to procure adequate insurance. Webster's Ninth New Collegiate Dictionary (1991) defines "procure" to mean "to get possession of; obtain by particular case and effort." It is a distinct and discrete act.
As our Supreme Court acknowledged in the Kennedy andBeckenstein cases, the application of the rules relating to statutes of limitations may impose hardships, particularly in difficult and sympathetic cases like this one. However, as our Supreme Court also noted in Kennedy, the legislature has decided that such occasional hardship is outweighed by the benefit of preventing stale claims from being litigated. Kennedy,135 Conn. at 179-80.
Plaintiff's assertion that there was a continuing duty to disclose, tolling the statute of limitations, is not persuasive. Such a continuing duty could not have been based on the existence of a fiduciary relationship between Hartford Federal and Mrs. Colbert; by answering "no" to Interrogatory 47, the juryexplicitly found that no fiduciary duty to procure adequate insurance existed. Nor do plaintiff's Exhibits 1 and 2 support the claim that a continuing duty existed. Plaintiff's Exhibit 2, a mortgage disability insurance brochure, does contain broad language explaining coverage. But even read broadly and in a light most favorable to Mrs. Cosby, I do not think it can fairly be read as imposing a legally binding continuing duty to procure adequate insurance on Hartford Federal or Fleet, or to continuously evaluate her insurance needs.
I therefore conclude that controlling caselaw — specifically, Kennedy and Beckenstein — compels the conclusion that plaintiffs breach of contract claim under Count Six is barred by the applicable statute of limitations.
Consequently, Fleet's Motion to Set Aside Verdict and Judgment is granted.[3]
Douglas S. Lavine Judge Superior Court