[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case raises the novel issue of whether an apportionment defendant may bring an apportionment complaint against a third party, and, if an apportionment defendant may do so, the time frame by which it is to be accomplished.
This litigation began with the filing of a complaint by the plaintiffs, Mark H. Bednaz and Susan A. Bednaz, against the defendant, Patricia A. Svindland, alleging that they were injured in a motor vehicle accident occurring on Interstate 95 in New Rochelle, New York as a result of the negligence of the defendant. The defendant subsequently filed an apportionment complaint against the apportionment defendants, Elizabeth Sternkopf, Maureen Jewell, and Sandra Torello, claiming that it was their negligence that caused any injuries sustained by the plaintiffs. The apportionment defendant Elizabeth Sternkopf has filed an apportionment complaint against Sande Lichtenstein claiming that Lichtenstein may be CT Page 7214 liable for an apportioned share of the plaintiff's damages. The plaintiffs have also filed an amended complaint adding an eighth and a ninth count which assert claims directly against Lichtenstein. Lichtenstein has moved to dismiss the apportionment complaint and the amended complaint brought against her.
Lichtenstein asserts that the apportionment complaint should be dismissed on the following grounds: (1) the apportionment complaint was filed more than 120 days after the return date specified in the plaintiffs' original complaint; (2) the apportionment complaint was not properly served on her; and (3) she is not subject to Connecticut's long arm statute, General Statutes § 52-59b. Sternkopf contends that Lichtenstein has waived any defects in personal jurisdiction because she did not file her motion to dismiss within 30 days of filing her appearance. Sternkopf also argues that her apportionment complaint was timely filed within 120 days of the date of the plaintiffs' amended complaint asserting claims against her.
Lichtenstein also asserts that the plaintiffs' amended complaint should be dismissed as to her because it was not properly served upon her. The plaintiffs did not file a memorandum in response nor did they, through counsel, appear at short calendar to argue in opposition to Lichtenstein's motion to dismiss the amended complaint.
A motion to dismiss may be used, inter alia, to assert lack of personal jurisdiction, lack of subject matter jurisdiction or insufficiency of service of process. Practice Book § 10-31. "A motion to dismiss tests . . ., whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622 (1983). "When a court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." Reynolds v. Soffer, 183 Conn. 67, 68 (1981).
Lichtenstein claims that the court lacks personal jurisdiction over her because the apportionment complaint was not properly served on her and because she is not subject to the court's long arm jurisdiction. Lichtenstein is a resident of New York, where the motor vehicle accident occurred. The plaintiffs, the defendant and all three apportionment defendants are residents of Connecticut. Lichtenstein contends that the circumstances of this case do not meet the requirements of General Statutes § 52-59b, Connecticut's long arm statute, for the tort of a nonresident committed outside of Connecticut. She also claims that the apportionment complaint was not properly served upon her because service was made upon the Commissioner of Motor Vehicles for the State of Connecticut and a copy was mailed to her New York address. See General Statutes § 52-57a. Sternkopf does not contest the merits of CT Page 7215 Lichtenstein's claims. Rather, she asserts that Lichtenstein filed her motion to dismiss more than thirty days after she filed her appearance, thereby waiving her right to contest the court's personal jurisdiction over her. See Practice Book § 10-30 and Pitchell v. City of Hartford,247 Conn. 422, 433 (1999) ("The rule [§ 10-30] specifically and unambiguously provides that any claim of lack of jurisdiction over the person as a result of an insufficiency of service of process is waived unless it is raised by a motion to dismiss filed within thirty days in the sequence required by Practice Book § 10-6, formerly § 112.")
Lichtenstein filed the instant motion to dismiss thirty nine days after the filing of her appearance.[1] She asks the court to excuse her failure to file the motion within thirty days in order to prevent an injustice. See Practice Book § 1-8 ("The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice.") The court need not determine whether Lichtenstein has waived her right to contest the court's jurisdiction over her person because I find dispositive her claim that the court lacks subject matter jurisdiction over the apportionment complaint for its failure to meet the requirements of General Statutes § 52-102b.
Section 52-102b authorizes a defendant in a negligence action to bring an apportionment complaint upon a person who is not a party to the action. Prior to October 1, 1986, Connecticut adhered to the common law rules of joint and several liability, with no contribution among tortfeasors. A plaintiff had the right to sue any of several persons whose negligence was the proximate cause of his injuries and compel that person to pay the entire amount of damages, with no right of contribution by the defendant against the other culpable persons. Donner v. Kearse,234 Conn. 660, 666 (1995). This rule was changed by the legislature through a series of reform, known as Tort Reform I and Tort Reform II, of the tort recovery provisions of our civil system. Under Tort Reform I, the rule was amended to allow the trier to take into account the negligence of any other person, whether or not that person was a party to the action in determining the percentage of negligence attributable to any defendant. Id., 667. The rule was further revised pursuant to Tort Reform II, effective October 1, 1987, to limit the class of persons to whom the trier could look in determining whose negligence had been a proximate cause of the plaintiff's injuries to those negligent persons who were made a "party" to the action and to certain other identifiable persons, such as settled and released persons. Id., 668-669.
Under Tort Reform II, the defendant was given the option of adding to the action additional persons whose negligence the defendant claims CT Page 7216 contributed to the plaintiff's injuries. "Defendants who had been sued, however, were not left without a method to change the universe of negligence to be considered. The legislature included in Tort Reform II a provision that allowed defendants to implead persons who might have been negligent, but who had not been pursued by the plaintiff." Id., 669.
Initially, the statutory provision allowing a defendant to add persons to a negligent action not named as parties by the plaintiff was General Statutes § 52-102, which authorized joinder of a person by motion. The legislature subsequently changed the means by which a defendant may add a person as a party for purposes of apportioning liability through the enactment of § 52-102b. See Public Acts 1995, no. 95-111, which took effect July 1, 1995. Section 52-102b provides, in part, that, "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability." § 52-102b(a). The statute expressly states that, "This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section52-572h for a proportionate share of the plaintiff's damages as a party to the action." § 52-102b(f).
A threshold question would appear to be whether an apportionment defendant has any right to serve an apportionment complaint upon a person not a party to the action and bring them into the action as an apportionment defendant. Section 52-102b by its express terms limits the right to serve an apportionment complaint to "a defendant." See §52-102b(a). The statute does, however, state that, "The apportionment defendant shall have available to him all remedies available to an original defendant including the right to assert defenses, set-offs or counterclaims against any party." See § 52-102b(b). This language raises the question of whether the available remedies include the right to seek apportionment from a person not a party to the action.
The court need not address this particular conundrum. Even assuming that an apportionment defendant may pursuant to § 52-102b serve an apportionment complaint on a person not a party to the action, Sternkopf, the apportionment defendant in this case, failed to comply with the statutory time limitation for service of her apportionment complaint upon Lichtenstein.
Section 52-102b(a) expressly provides that, "Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint." The return date of the plaintiff's CT Page 7217 original complaint in this case was June 8, 1999. The earliest that Sternkopf can claim that she served her apportionment complaint on Lichtenstein is November 26, 1999,[2] well beyond one hundred twenty days after the return date of the plaintiff's original complaint.
Sternkopf contends that the appropriate time period for service of her apportionment complaint upon Lichtenstein is within one hundred twenty days of August 10, 1999, the date the amended complaint was served upon her by the plaintiff. She argues that she was not a defendant in the action with the right to serve an apportionment complaint until the amended complaint was served upon her and that she also had no reason to file an apportionment complaint until the plaintiff instituted a claim for damages against her by serving her with an amended complaint.
"In interpreting a statute the court must ascertain and give effect to the intent of the legislature. The meaning of a statute must, in the first instance, be sought in the language in which the act is framed. If the language of the statute is clear, it is assumed that the words themselves express the intent of the legislature. Where the statute presents no ambiguity, we need look no further than the words themselves which we assume express the intention of the legislature." (Citations omitted; internal quotation marks omitted.) Donner v. Kearse, supra,234 Conn. at 670.
Section 52-102b unambiguously states that an apportionment complaint "shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint." (Emphasis supplied.) Sternkopf points to nothing in the language of the statute, its legislative history or in case law to support her position that she may serve an apportionment complaint within one hundred twenty days of the date of the plaintiff's amended complaint.
Although it may be true that she had no interest in serving an apportionment complaint upon Lichtenstein until service of an amended complaint upon her, Sternkopf had ample time after service upon her of the amended complaint to serve an apportionment complaint within one hundred twenty days of the return date specified in the plaintiff's original complaint. The return date of the plaintiff's original complaint was June 8, 1999. The defendant Patricia Svindland served an apportionment complaint upon Sternkopf on June 22, 1999. Sternkopf filed her appearance on July 8, 1999. The one hundred twenty day time limitation from the original complaint did not expire until October 8, 1999. Sternkopf had one hundred six days from the date of the service of the apportionment complaint upon her to serve an apportionment complaint on Lichtenstein. She failed to do so. CT Page 7218
Sternkopf argues that she had no right under § 52-102b to serve an apportionment complaint on Lichtenstein until she became a defendant by virtue of service of an amended complaint upon her by the plaintiff. Even if this is so, the right to serve an apportionment complaint is a time limited right, a time limit that Sternkopf failed to meet.
The time limitation contained in § 52-102b is a substantive and jurisdictional requirement that can not be waived by the parties. "A statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action . . . Where, however, a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not of the remedy alone. The courts of Connecticut have repeatedly held that, under such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived." (Citations and internal quotation marks omitted.) Ecker v. West Hartford,205 Conn. 219, 231-232 (1987).
A right conditioned upon a time limitation since it is substantive and jurisdictional may be addressed through a motion to dismiss. DiamondNational Corporation v. Dwelle, 164 Conn. 540 (1973). See also Practice Book § 10-31.
Section 52-102b creates a right of apportionment which was unavailable at common law. See Alvarez v. New Haven Register, Inc., 249 Conn. 709,721 (1999) and Donner v. Kearse, supra, 234 Conn. 666-669. As a statutorily created right, it exists only during the time period recognized by the statute. Since § 52-102b creates a right where none formerly existed, the statute must be strictly construed and this court is not at liberty to extend, modify or enlarge its scope through the mechanics of construction.[3] See Ecker v. West Hartford, supra,205 Conn. 233.
In light of the above, the court lacks subject matter jurisdiction over Lictenstein with respect to the apportionment complaint served upon her by the apportionment defendant Sternkopf. The plaintiff's amended complaint is entitled "amended complaint subsequent to the apportionment complaint" and was served upon Lichtenstein pursuant to the authority of § 52-102b (d) which permits a plaintiff to assert a claim against an apportionment defendant within sixty days of the return date of the apportionment complaint, despite the expiration of the applicable statute CT Page 7219 of limitations.[4] Since the right of the plaintiff to serve an amended complaint was dependant upon the right of Sternkopf to serve Lichtenstein with an apportionment complaint, the court similarly lacks jurisdiction over the amended complaint to the extent it asserts claims against Lichtenstein.
Accordingly, the motion to dismiss the apportionment complaint and the amended complaint as to Sande Lichtenstein is hereby granted.
BY THE COURT
Judge Jon M. A lander