[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS THE APPORTIONMENT COMPLAINT AND COUNTS ONE,TWO AND THREE OF THE AMENDED COMPLAINT FILED BY THE APPORTIONMENT DEFENDANT TERRENCE FITZPATRICK INDIVIDUALLY AND D/B/A FITZPATRICK SON
 I CT Page 10429 STATEMENT OF THE CASE
This is an action instituted by the plaintiff Nationwide Insurance Enterprise ["Nationwide"] against the defendant A G Development, LLC ["A G"] through a complaint having a return date of June 1, 1999. In summary, the complaint alleges that Nationwide's insureds, Nina and John Longo, entered into a contract to purchase property from A G. As part of the contract, A G agreed to install a particular sink in a house on the property. After the installation, "on or about April 29, 1997, or sometime prior thereto," the sink leaked causing damage to the insured property. Pursuant to its insurance policy, Nationwide paid its insureds for damages caused by the leak. Nationwide became subrogated to the rights of its insureds and filed suit against A G for damages alleging negligence, innocent misrepresentation, and fraudulent misrepresentation.
Nationwide acquired leave from the court to amend the complaint and add the defendant Anthony Santos as a defendant in the action. This amended complaint had a return date of July 25, 2000. In addition to the claims against A G, the amended complaint alleges that Santos, acting as "agent, representative, employee and/or doing business as A G Development," negligently installed the sink that leaked and caused damage to the insured property.
In an apportionment complaint dated November 3, 2000, Santos added as an apportionment defendant in this case, Terence Fitzpatrick, individually and doing business as T. Fitzpatrick Son ["Fitzpatrick"]. This apportionment complaint was served on Fitzpatrick on November 11, 2000. In this apportionment complaint, Santos alleges that he retained Fitzpatrick as an independent contractor to install the sink, and that if Nationwide has been damaged as alleged in the amended complaint, these injuries were caused by Fitzpatrick's negligence.
After the filing of the apportionment complaint, Nationwide proceeded to amend its complaint further. In this amended complaint dated November 16, 2000, Nationwide alleges that Fitzpatrick's negligence caused the property damages either by him acting individually or doing business as T. Fitzpatrick Son.
Pending before the court is Fitzpatrick's motion to dismiss the apportionment complaint and counts one and two of the plaintiff's amended complaint.[1] In this motion, Fitzpatrick argues that the case must be dismissed under Section 52-102b of the General Statutes because the apportionment complaint was not served within 120 days from the return date of Nationwide's initial complaint. Both Nationwide and Santos have filed objections to this motion to dismiss. CT Page 10430
 II DISCUSSION
A "motion to dismiss will be used to assert (1) lack of jurisdiction over the subject matter . . ." P.B. § 10-31(a). "[T]he defense of the statute of limitations . . . must be specially pleaded and cannot be raised by a [motion to dismiss]." Ross Realty Corp. v. Surkis,163 Conn. 388, 399 (1972); see also P.B. § 10-50. Nevertheless, "[where] . . . a specific time limitation is contained within a statute that creates a right of action that did not exist a common law, then the remedy exists only during the prescribed period and not hereafter . . . In such cases, the time limitation is not bo be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not of the remedy alone . . . [U]nder such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived." (Internal quotation marks omitted.) Ambroise v. William RaveisReal Estate, Inc., 226 Conn. 757, 766-67 (1993).
Section 52-102b (a) of the General Statutes provides the following in relevant part:
 "A defendant in any civil action to which section 52-572h
applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint."
In this case, the plaintiff's initial complaint against A G has a return date of June 1, 1999. The plaintiff's amended complaint against Santos has a return date of July 25, 2000. The apportionment complaint was served on November 11, 2000. If Nationwide's initial complaint is viewed as the "original complaint" as Fitzpatrick contends, than the apportionment complaint was not served within the 120-day limitation period of Section 52-102b. On the other hand, if the amended complaint is viewed as the "original complaint," then the apportionment complaint was served within this 120-day period. Thus, the issue presented here is whether for purposes of Section 52-102b's limitation period, the CT Page 10431 "original complaint" should be viewed as the initial complaint filed against A G or the amended complaint filed against Santos. There is no appellate authority on this issue and the lower court decisions are split on how this issue should be resolved.
Fitzpatrick argues that Section 52-102b creates a right where none previously existed, and therefore, the statute must be strictly construed. He further argues that this strict construction requires the court to literally apply the plain words of the statute to find the apportionment complaint time barred. See Cooksley v. City of New Britain,
Superior Court, judicial district Hartford/New Britain at New Britain, No. 99 0498574 (April 2, 2001, Shapiro, J.) (2001 WL 417172 (Conn.Super.)); Bednaz v. Svindland, Superior Court, judicial district of New Haven, Docket No 42935 (June 12, 2000, Alander, J.) (27 Conn. L. Rptr. 438).
On the other hand, Nationwide and Santos argue that the "original complaint" must be viewed as being the complaint, in this case the amended complaint, that names the defendant seeking to file the apportionment complaint because any other construction would accomplish inequitable results contrary to the purpose of the statute. They emphasize that Fitzpatrick's argument would foreclose Santos from filing an apportionment complaint before he was even a party to the lawsuit or had any knowledge of his right to file such a complaint. See generally,Stahl v. Hadelman, Superior Court, judicial district of New Haven, No. 98 0411954 (September 26, 1999, Devlin, J.) (1999 WL 793786); Detchal v.Unger, Superior Court, judicial district of New Haven, No 396218 (July 15, 1998, Levin, J.) (22 Conn.L.Rptr 418). With some reluctance the court is compelled to follow the majority view that Section 52-102a is mandatory and must be strictly construed to preclude the filing of an apportionment complaint not served within 120 days from the return date of the original complaint filed by the plaintiff. Cooksley v. City of NewBritain, supra (see also cases cited therein); Cappiello v. Greiner,
Superior Court, judicial district of Danbury, No. 99-0336107 (Dec. 20, 2000, Moraghan) (see also cases cited therein); Mazzola v. Yagma,
Superior Court, judicial district of New Haven, No. 403943, (Nov. 15, 1999, Blue, J.) (see also cases cited therein).
This result has significant, negative consequences to a defendant such as Santos who was not even a party to the action within 120 days of this return date. He had no notice of the action or opportunity to exercise any right to file an apportionment complaint within this time period, and therefore, he has effectively been denied the opportunity to file such a complaint. This result also gives significant control and discretion to plaintiffs who by design or inadvertence can cut off a defendant's right to file an apportionment complaint by waiting beyond the 120 days from CT Page 10432 the return date of the original complaint to cite the defendant into the lawsuit.
Nevertheless, in the face of statutory language that is as clear and unambiguous as the language of Section 52-102b, these problems are matters for the legislature, and not for the courts. "Where statutory language is clearly expressed, as here, courts must apply the legislative enactment according to the plain terms and cannot read into the terms of a statute something which manifestly is not there in order to reach what the court thinks would be a just result." Johnson v. Manson, 196 Conn. 309,315 (1985), cert. denied, 474 U.S. 1063 (1986).
Section 52-102b establishes a window of opportunity within which an apportionment complaint may be served, and if an apportionment complaint is not served within the applicable time period, the window shuts definitively. The legislature may certainly create a time limitation that may operate to bar a claim before discovery of the claim or injury. See generally, Kennedy v. Johns-Manville Sales Corporation, 135 Conn. 176,179 (1948); Munroe v. Zoning Board of Appeals, 63 Conn. App. 748 (2001). There is nothing in the statutory language or overall statutory scheme of Section 52-102b to establish that the legislature had a purpose here other than such a clear, precise time bar. See Mazzola v. Yagma,
supra.[2]
"In interpreting a statute the court must ascertain and give effect to the intent of the legislature. The meaning of a statute must, in the first instance, be sought in the language in which the act is framed. If the language of the statute is clear, it is assumed that the words themselves express the intent of the legislature. Where the statute presents no ambiguity, we need look no further than the words themselves which we assume express the intention of the legislature." (Citations omitted; internal quotation marks omitted.) Donner v. Kearse,234 Conn. 660, 670 (1995).
Section 52-102b provides for a right of apportionment unknown at common law. See Alvarez v. New Haven Register, Inc., 249 Conn. 709, 721 (1999);Donner v. Kearse, supra, 234 Conn. 666-669. Furthermore, the statute expressly states that it is the exclusive means by which a defendant may file an apportionment complaint. C.G.S. § 52-102b (f). Since §52-102b creates a right absent under common law, the statute must be strictly construed and this court is not at liberty to extend, modify or enlarge its scope through the mechanics of construction. See Ecker v.West Hartford, supra, 205 Conn. 233.
Consequently, as a statutorily created right, the right of apportionment exists only during the time period recognized by the CT Page 10433 statute. In Bednaz v. Svindland, supra, Judge Alander explained this point as follows: "The time limitation contained in § 52-102b is a substantive and jurisdictional requirement that cannot be waived by the parties. "A statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action . . . Where, however, a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not of the remedy alone. The courts of Connecticut have repeatedly held that, under such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived.' "(Citations and internal quotation marks omitted.) Id., quoting Ecker v.West Hartford, 205 Conn. 219, 231-232 (1987).
Therefore, this right to file an apportionment complaint under Section52-102b is conditioned upon a time limitation that is substantive, mandatory and jurisdictional. Cooksley v. City of New Britain, supra;Bednaz v. Svindland, supra; Cappiello v. Greiner, supra; Mazzola v.Yagma; see generally, Diamond National Corporation v. Dwelle,164 Conn. 540, 543 (1973); but see Detchal v. Unger, Superior Court, judicial district of New Haven, No 396218 (July 15, 1998, Levin, J.) (22 Conn.L.Rptr 418) (holding that the 120-day time limit is not mandatory or jurisdictional).
 III CONCLUSION
Therefore, for these reasons, the motion filed by the apportionment defendant, Terrence Fitzpatrick individually and d/b/a T. Fitzaptrick Plumbing Son, to dismiss the apportionment complaint filed by Anthony Santos and to dismiss the second and third counts of the amended complaint filed by the plaintiff Nationwide Insurance Enterprise is hereby granted.
So ordered this 23rd day of July 2001.
STEVENS, J.